93  491
d96  668
96  669

## Wytheville.

GLEAVES AND OTHERS V. TERRY, SECRETARY OF ELECTORAL
BOARD OF WYTHE COUNTY.

AUGUST 4, 1896.

Absent, Harrison, J.

1. ELECTORAL BOARDS—*Record of Proceedings how far Open to Inspection.*—
So much of the record of the proceedings of Electoral Boards as re-
lates to the appointment and removal of judges and commissioners
of election and registrars, or the ordering of a new registration, is a
public record, open to inspection by any citizen and voter of the
county in which the record is kept, and he may take therefrom at and
within a reasonable time, in the presence of the secretary of the
Board, memoranda or notes of the proceedings of the Board as to
which no secrecy is enjoined. But so much of said records as relates
to the preparation and printing of the official ballots prescribed by
law, certification of the same, and their distribution to the judges of
election, is not a public record that is open to the inspection of any
one, other than the officers of the county to whom the duties of
preparing, printing, certifying, and distributing the ballots are con-
fided by law, and the secretary of the Board cannot be compelled to
allow memoranda or notes thereof to be taken, or that portion of
the records to be inspected, by any other voter.

This was an original application to the court for a writ of
*mandamus.*

                                        *Mandamus denied.*

The opinion states the case.

*James A. Walker,* for the petitioners.

*J. H. Fulton,* for the respondent.

CARDWELL, J., delivered the opinion of the court.

The petitioners represent that they are citizens and voters of Wythe county; that they have applied to F. H. Terry, Secretary of the Electoral Board of the county, at his office in Wytheville, and demanded the right to examine and inspect the records kept by the secretary of the proceedings of the Electoral Board, and to take written memoranda therefrom, and that said Terry, while allowing them to inspect the records in his presence, refused to permit petitioners to copy the records, or to take memoranda therefrom. The prayer of the petition is for a *mandamus* commanding Terry to allow petitioners to examine the records of the Electoral Board of Wythe county, and to take memoranda or copies thereof.

The respondent answers the petition, and says that it is true that he is a public officer of this State; that he is a member of the Electoral Board of Wythe county, and its secretary, duly qualified as such by taking the oath to perform the duties of his office according to law; that he has faithfully performed his duties as such, and has always looked to the statute creating the office for his duties and the manner of performing them. Respondent further says that, while it is also true that the petitioner, J. L. Gleaves, has, within the past six weeks, made frequent visits to respondent's office, with first one and then another of the petitioners, demanding an inspection of the records of the Electoral Board, asserting the right to take extracts from and to bring a clerk to make copies of them, respondent has not refused to allow the records which were under his control to be inspected in his presence, as far as proper, by petitioners or any citizen who wished to do so, and offered to allow all of the petitioners to inspect the same, although respondent does not consider it his duty to do so; but knowing that these records were under his authority and in his custody,

and being responsible for same, has ever, and will ever, unless compelled by authority of law, refuse to allow the records to be taken out of his presence, or memoranda to be taken, or copies of same to be made. He responds further that he told petitioners that he was only a member of the Electoral Board of Wythe county, and that if petitioners would get the consent of the Electoral Board, respondent would cheerfully allow not only an inspection, but a copy of the records of the proceedings of the Board to be made, &c.

Section 67, chap. 8, of the Code provides for the appointment of registrars by the Electoral Board in the several counties and cities of the Commonwealth; section 69, for the filling of vacancies in the office of registrar and for the removal of judges of election who fail to discharge their duties according to law; section 71, for the ordering of a new registration under certain contingencies; section 117, for the appointment of judges of election; and section 133, for the designation by the Electoral Board of five persons to act as commissioners to canvass the election returns.

By an act of the Assembly, (Acts 1893–94, p. 730,) amending section 68 of the Code, the secretary of each Board is required to keep in a book, to be provided for the purpose, an accurate account of all the proceedings of the Board, including all appointments and removals of judges and registrars; and, by an act approved March 4, 1896, (Acts 1895–6, pp. 763–70,) amendatory of the act of March 6, 1894, entitled *"An act to provide for a method of voting by ballot,"* the printing of the ballots, the certification of the same as the official ballots, and their distribution to the judges of election of the several precincts of their county or city, are delegated to the Electoral Board of each county and city.

So far as the appointment or removal of registrars, judges and commissioners of elections is concerned, or the ordering of a new registration of voters, the law enjoins no secrecy. Therefore the inspection by the public of this part of the

Board's acts is not in conflict with any provision of law; but the duties of the Board as to the preparation of the ballot, its verification, the stamping of the seal of the Board thereon, as required by sections 9 and 10 of the act of March 4, 1896, *supra*, are required to be performed in secret, and it is manifest that if this were not so, the whole object of the law, viz., to provide for the voter a legal ballot, verified in such manner as to preclude its being counterfeited, and to frustrate as far as possible the use of unofficial and illegal ballots, would be defeated. The vote by ballot *ex vi termini* implies a secret ballot. *Pearson* v. *Supervisors, &c.*, 91 Va. 334. And the provisions of the statutes referred to for the use of an official ballot are, we think, plainly in furtherance of the constitutional provision for the exercise of the right of the voter to cast a secret ballot.

" To justify the issuance of a writ to enforce the performance of an act by a public officer, two things must concur: The act must be one, the performance *of which the law specially enjoins as a duty resulting from an office*, and an actual omission on the part of the respondent to perform. It is incumbent on the relator to show, not only that the respondent has failed to perform the required duty, but that the performance thereof is actually due from him, at the time of the application." "The office of the writ of *mandamus*, when addressed to a public officer, is to compel him to exercise such functions as the law confers upon him." " But the writ neither creates nor confers power upon the officer to whom it is directed. It can do no more than to command the exercise of powers already existing." " The writ of *mandamus* lies to compel a public officer to perform a duty concerning which he is vested with no discretionary power, and which is either imposed upon him by some express enactment, or necessarily results from the office which he holds." 14 Amer. & Eng. Enc. of Law, pp. 105, 130, 140, and authorities there cited in notes.

That the records of the proceedings of the Electoral Board of Wythe county, required by law to be kept by its secretary and custodian, is a public record and open to inspection by the public, except in so far as secrecy is enjoined by law, there can be no doubt; but where the disclosure of their contents would be injurious to the public interest, an inspection will not granted. 1 Greenleaf on Ev., sections 475–6; 4 Minor's Insts., p. 714.

The law, however, does not require the secretary of the Board, expressly or by fair implication, the duty of making copies when demanded or provide compensation to him for doing so, as is the case with all public records, so far as we now recall; nor does the law, by express enactment, require him to allow copies to be made, and the granting of the writ of *mandamus* applied for in this case, must, therefore, depend upon whether or not the duty to allow copies to be taken of the record of the proceedings of the Electoral Board necessarily results from the office of secretary to the same, held by the respondent. It has already been observed that there are portions of these records, the disclosure of which would be injurious to the public interests, and by law, if there be a disclosure of any part of the record by the secretary as to which secrecy is enjoined, he is subjected to a penalty for his neglect or violation of duty. Therefore, if copies of these records are to be made by any citizen who demands the right, to avoid a disclosure of that part as to which secrecy is enjoined, the secretary would necessarily have to be constantly in attendance while the copies are being made, and in the performance of a duty not prescribed by law, and for which no compensation is provided. If copies can be made by one person, no one could be refused, and it might well be asked, is it reasonable to assume that the secretary is to be required to devote an unreasonable portion of his time to allowing copies to be made of the records in his custody, and that this duty necessarily results

from the office he holds?   When, in point of time, are these copies to be made, and what discretion is to be exercised, and by whom, as to the length of time to be consumed in making the copies?   If the secretary is clothed with discretion as to when the copies may be made, or the length of time that is to be consumed in making the copies of the records, or as to what portions thereof may be inspected or copied without injury to the public interests, and without violation of his duties, a *mandamus* must be denied.   The statement is not made that respondent has denied petitioners the right to inspect the records.   On the contrary, the statement is that respondent did not deny them this right. Nor is the statement made as to what memoranda or notes from the records petitioners desired to make, the length of time that would have been required to make the memoranda or notes, but the complaint is merely that respondent refused to allow copies or memoranda to be made of the records.

The court is of opinion:

1st. That so much of the record of the proceedings of the Electoral Board of Wythe county, contained in the book provided by law and committed to the custody of the respondent as secretary of the Board, as relates to the appointment and removable of judges and commissioners of election and registrars, or the ordering of a new registration, is a public record, open to inspection by any citizen and voter of Wythe county, and that he may take therefrom memoranda or notes of the proceedings of the Electoral Board as to which secrecy is not enjoined by law, which memoranda or notes may be made at and within a reasonable time in the presence of the secretary, but until it is shown that the right to inspect these records, or to make memoranda or notes proper to be made as aforesaid has been denied a *mandamus* should not issue requiring respondent to allow such memoranda or notes to be made.

2d. That so much of the record of the preceedings of the

Electoral Board of Wythe county, in the custody of its sec-
retary, as relates to the preparation and printing of the offi-
cial ballots prescribed by law, certification of the same, and
their distribution to the judges of election of the several
precincts in the county of Wythe, is not a public record that
is open to inspection by any one, other than the officers of
the county to whom the duties of preparing, printing, cer-
tifying and distributing the ballots is delegated by law, and
that the respondent cannot be compelled to allow petitioners
to make memoranda or notes of these proceedings, or to in-
spect them.

3d. That the petition of the applicants here, Gleaves and
others, does not make a case upon which the *mandamus*
prayed for should issue, and it must therefore be denied.

*Mandamus denied.*