# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### KELLER V. STONE, REGISTRAR,

#### AND

### WALKER V. STONE, REGISTRAR AND CLERK.

#### JANUARY 26, 1899.

1. MANDAMUS —*Registration Books—Copies.*—*Mandamus* does not lie to compel the registrar of an election precinct to make copies of the registration books in his possession, or to permit such copies to be made.

2. MANDAMUS—*Poll Books—Copies—Jurisdiction of Court of Appeals.*—*Mandamus* does lie to compel a clerk, who is the custodian of the poll books after an election, to permit a party interested to inspect them, and to take therefrom, at and within a reasonable time, in the presence of the clerk, memoranda and notes such as are proper to be made, as declared in *Gleaves* v. *Terry,* 93 Va. 491, and this court has jurisdiction to award such *mandamus.*

Original application for *mandamus* in two cases argued together. The writ was refused in one case and granted in the other.

*L. L. Lewis,* for the petitioners.

*B. B. Munford,* for the respondent.

CARDWELL, J., delivered the opinion of the court.

In each of these cases the petition is for a *mandamus* to compel the respondent, as registrar and custodian of the registration books of Bristol precinct, in the county of Washington, either to furnish petitioners copies of the registration books in

his custody, or to permit the petitioners to make copies of the same under his supervision.

What was said by this court in *Gleaves* v. *Terry*, 93 Va. 491, with reference to the record of the proceedings of the electoral board of Wythe county, as to which secrecy was not enjoined by law, applies as well to the registration books in the custody of the respondent in these cases.

Section 84 of the Code provides that the registration books shall be kept and preserved by the registrar, and that they "shall at all times be open to public inspection." This right has not been denied to petitioners, and the law not imposing upon the registrar, expressly or by fair implication, the duty of making copies when demanded, and failing to provide compensation to him for such work, and not requiring him to allow copies to be made, a *mandamus* cannot issue in accordance with the prayer of the petitioners directing the respondent to make copies of the registration books in his custody, or to permit petitioners to do so at their own expense.

The petition of James A. Walker, however, represents that on the 22d day of November, 1898, he applied to the respondent, James A. Stone, registrar of Bristol precinct and also clerk of the Corporation Court of the city of Bristol, and as such by law the custodian of the poll books of said precinct at the election of members of Congress from Virginia held on the 8th day of November, 1898, to permit petitioner to examine said poll books, but was told by respondent that the books were sealed up, and could not be inspected by him; that petitioner stated to respondent that his object in examining the poll books was to get information necessary to petitioner in preparing his notice of contest for a seat in the Fifty-sixth Congress of the United States from the Ninth Congressional District of Virginia, composed in part of the city of Bristol, but that the respondent flatly refused petitioner permission to see the poll books in his custody, saying that they were sealed up, and petitioner would not be allowed to see the

outside of them, &c.   These allegations are only denied by respondent in a general way, and the proof is that petitioner was denied the privilege of inspecting the poll books of Bristol precinct used at the election held on November 8, 1898.

Sec. 132 of the Code of Virginia provides, among other things, that the poll books, after being lodged with the clerk, shall remain "for the use of persons who may choose to inspect them."

Sec. 3086 of the Code confers upon this court jurisdiction to issue writs of *mandamus* in all cases "in which it may be necessary to prevent a failure of justice in which a *mandamus* may issue according to the principles of the common law."

At common law, the writ of *mandamus* will be issued directed to any person or corporation, or inferior court, "requiring them to do some particular thing, therein specified, which appertains to their office or duty." 3 Blackstone's Com. 110.

Under the provision of sec. 132 of the Code, it was clearly the right of the petitioner on the 22d of November, 1898, when he applied to the respondent for the poll books of Bristol precinct, to be permitted to inspect them, and, this right having been denied by the respondent, a *mandamus* must issue requiring him to permit petitioner, James A Walker, to inspect these poll books, and to take therefrom, at and within a reasonable time, in the presence of the respondent, memoranda or notes, such as are proper to be made according to the views expressed by this court in the case of *Gleaves* v. *Terry, supra,* with respect to the record of the proceedings of the electoral board of the several counties, &c., as to which secrecy is not enjoined by law.

*Mandamus refused in one case, and granted in the other.*