## CIRCUIT COURT OF THE CITY OF RICHMOND

Va. Poverty Law Center, Inc.

v.

Pollard & Bagby, Inc.

September 20, 1983

Case No. G 9496-2

By JUDGE MARVIN F. COLE

I have before me for determination the motion for summary judgment filed by the plaintiff and the demurrer filed by the defendant.

The issue raised in this case is whether the plaintiff is entitled to inspect the security deposit records of the defendant. To support its right to such an inspection plaintiff relies upon VRLTA Section 55-248.11(b)(2), which states as follows:

(b) The landlord must: . . . (2) maintain an itemized record for public inspection of all deductions from security deposits provided for under this section which the landlord has made by reason of the tenants' noncompliance with Section. 55-248.16 during the preceding two years.

The facts are not in dispute to the effect that the plaintiff has requested of the defendant the right to inspect such records and the defendant has refused to permit the plaintiff to make such inspection.

The history of the Act may shed some light on its interpretation. The General Assembly charged the Virginia Housing Study Commission in 1972 to study the status of the landlord-tenant relationship in the Commonwealth. The Commission held public hearings and finally made a report and recommended to the Governor and the General Assembly the adoption of a uniform statewide residential landlord and tenant act specifying minimum obligations and rights for both landlord and tenant. The report recommended the following for inclusion into the Act as provisions covering security deposits:

1. Not applicable to this case.
2. Mandatory itemization of any charges against security deposits when returned by landlords.
3. Not applicable.
4. Not applicable.
5. Not applicable.
6. Maintenance of records for five years by landlords itemizing all deductions against security deposits.

House Bill No. 220 was offered to the General Assembly in January of 1974, and the above recommendations were included in the Act as follows:

(b) The landlord must: . . . (2) maintain an itemized record for public inspection of all deductions from security deposits provided for under this section which the landlord has made by reason of tenants' noncompliance with § 55-248.16 during the preceding five years. . .

It will be noted that between the report and the drafting of the legislation that the words "public inspection" were introduced into the matter.

The purpose of the VRLTA as stated in the Act itself is to simplify, clarify, modernize and revise the law governing the rental dwelling units and the rights and obligations of landlords and tenants; to

encourage landlords and tenants to maintain and improve the quality of housing; and to establish a single body of law relating to landlord and tenant relations throughout the Commonwealth. There is nothing in this purpose to show that the General Assembly intended to do anything more than to provide orderly regulation between private parties; and at no place does the purpose reflect the involvement of any public interest in the private relationship between landlord and tenant. However, the statute does use the words "public inspection".

I have found no case and none has been cited to me construing the words "public inspection" in our VRLTA or a similar statute in any other state. There are some Virginia cases that discuss the term "public inspection" as it relates to public disclosure of public records.

In Clay v. Ballard, 87 Va. 787, the Supreme Court discusses rights sought to be enforced of a private nature and rights sought to be enforced of a public nature. This case involved the petition of the plaintiff to allow him to inspect and make a copy of the voter registration books of the Registrar in Newport News, which of course involves inspection of records of a public nature.

The Supreme Court stated the following:

These books, undoubtedly, are of a public nature, and therefore, upon general principles, independently of any statute on the subject, any person having an interest in them would have a right to inspect them. But the Legislature, out of abundant caution, and with an unmistakable object in view, has seen fit to enact expressly that they "shall at all times be open to public inspection."

The court further stated that the provisions of the statute was obviously intended as a safeguard against fraud, and ought, therefore, to be liberally

rather than strictly construed. Further the court said that in giving the right of inspection, it is presumed that they intended to include the right to take copies. The court cited authority with approval that it is the general rule, well settled, that a party has a right to inspect and take copies of all books and records as are of a public nature wherein he has an interest.

In Gleaves v. Terry, 93 Va. 491, the petitioners represented that they applied to the Secretary of the Electoral Board of the county and demanded the right to examine and inspect the records kept by the Secretary of the proceedings of the Electoral Board, and to take written memorandum therefrom.

In its opinion the court made a distinction between public records and records that were not public records. The court stated that the records of the proceedings of the Electoral Board contained in the book provided by law and committed to the custody of the secretary as related to the appointment and removal of judges and commissioners of elections and registrars, or the ordering of a new registration, is a public record and open to inspection by any citizen and that he may take therefrom memorandum and notes so long as secrecy is not enjoined by law. The court further stated that so much of the record of the proceedings of the board in the custody of the secretary, as relates to the preparation and printing of the official ballots prescribed by law, certification of the same, and their distribution, is not a public record that is open to inspection by anyone.

The case of Keller v. Stone, 96 Va. 667, followed the decision in Gleaves v. Terry, supra, and involved custody of poll books.

The Supreme Court further addressed stockholder's right of inspection of records in the case of Bank of Giles County v. Mason, 199 Va. 176.

The court stated that at common law a stockholder is entitled to inspect corporate books and records

at a proper time and place and for a proper purpose. This right is not absolute and uncontrolled but must be exercised in good faith and for some reasonable purpose germane to his interest as a stockholder. In enforcing the common law right, the court should be concerned that to grant the relief will not adversely affect the interests of the corporation. The stockholder should not be granted a roving commission to pour at will through the books and records of the corporation without regard to the purpose for which he seeks the extraordinary remedy which the law gives to him.

In regard to stockholders we now have a statute pertaining to inspection of records but it has been held that statutes of this kind are merely in affirmance of the common law. See Bank of Giles County v. Mason, supra.

I have been cited no common law rule that would permit a landlord to inspect the records of a tenant or which would permit a tenant to inspect the records of the landlord. The relationship between landlord and tenant is one based purely upon a lease or agreement and is private in nature, unless one of the parties is public in nature.

With this background the issue in the case is to determine the meaning of the words "public inspection" used in Section 55-248.11(b)(2) of the Code. The intention of the lawmakers constitutes the law and the primary object in the interpretation of a statute is to ascertain and give effect to that intention. The intention of the draftsman of the act or the individual members of the legislature who voted for and passed it, if not expressed in the act, has nothing to do with its construction.

There are many means used to determine the intent of the General Assembly, such as consideration of the statute itself; consideration of the purpose, object and spirit of the statute; consideration of the old law, the evil to be remedied, and the remedy; consideration of other similar statutes; consideration

of the statute as a whole, giving effect to every part; and many other considerations.

None of the above help much in this case and I am of the opinion that the words used, "public inspection", must be given their common, ordinary and accepted meaning in the connection in which they are used. I cannot simply ignore the word "public" in the statute and say that only tenants shall have access to their records. I do not believe that the General Assembly intended anyone to walk in off the street with no interest whatever and as a matter of curiosity demand the security deposit records to inspect. Neither do I believe they only intended a tenant to have access to his own records. Somewhere between these two extremes lies a reasonable ground, and I believe that is what the legislature intended. This point would be closely akin to the point that a stockholder could demand to see the records of the corporation under common law rules, which are discussed in the case of Bank of Giles County v. Mason, supra.

Therefore, "public inspection" of the security deposit records can only be made at a proper time and place and by those who have a proper purpose. In the case of State ex rel. Bourdette v. New Orleans Gaslight Co., 22 So. 815 (1897), a stockholder's right to inspect was described as follows:

> By "public inspection" is not meant the inspection of the idle, the impertinent, or the curious - those without an interest to subserve or advance or protect. It was never contemplated that any and everybody, as the whim may seize him or them, should be permitted to walk into the office of a company or corporation, and pry into its affairs. But a shareholder or other person with a laudable object to accomplish, or a real and actual interest upon which to predicate his request for information disclosed by the books, is given, by the fundamental law itself, the right to inspect them.

Applying the above statements to the facts of this case, I am of the opinion the plaintiff has stated a cause of action under the pleadings and, therefore, the demurrer must be overruled. Upon the motion for summary judgment, I am of the opinion there is a question of fact to be resolved, namely, whether the plaintiff has such an interest as will permit it to inspect the records. Therefore, I shall overrule the motion for summary judgment. I request counsel to prepare an order in accordance with this letter.

It appears to me we need a short evidentiary hearing to consider the standing of the plaintiff in accordance with this opinion.