DEMARS, RESPONDENT, *v.* HUDON, APPELLANT.

(No. 2,161.)

(Submitted October 6, 1905. Decided November 6, 1905.)

*Pledges—Conversion—Waiver of Tort—Trial by Jury—Accounting—Interest.*

Pledges—Accounting—Conversion—Election—Waiver of Tort.
  1. Where a pledgor demanded an accounting by the pledgee, not only of the proceeds derived from the use of the property pledged, but also for the price realized from a wrongful sale thereof, and thereafter sued to recover such sums, he thereby waived the pledgee's tort in converting the property.

Pledges—Accounting—Equity—Trial by Jury.

    2. A suit brought by a pledgor to compel the pledgee to render an accounting of the proceeds derived from the use of the prop-. erty pledged and to recover the price realized from a wrongful sale thereof, is an action for an accounting cognizable in a court of equity, in which the defendant is not entitled to a jury trial.

Pledges—Conversion of Pledge—Extent of Liability.

    3. Where a pledgee converted the property pledged by selling the same on credit for $2,500, without interest, taking the purchaser's secured note, which he surrendered on payment of $2,050, the pledgor, on waiving the tort, was entitled to recover the full sale price, and was not limited to the amount which the pledgee had actually received from the purchaser.

Pledges—Conversion—Accounting—Interest.

    4. Where a pledgee of certain property sold the same on credit, without interest, the pledgor, on ratifying the sale and suing the pledgee for an accounting, was chargeable with interest on the loan secured by the pledge at the agreed rate to the date at which defendant received payment for the property sold sufficient to discharge the indebtedness, and not merely to the date of the sale.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

Action by Joseph Demars against Charles O. Hudon. From a judgment for plaintiff and from an order denying him a new trial, defendant appeals. Modified and affirmed.

*Mr. John J. McHatton, for Appellant.*

·The respondent having contended that this is an action in equity, and having secured a judgment thereon, the appellant is entitled, for the purpose of pointing out the errors in the case, not only to point out the errors that the court committed in treating the action as one in equity and proceeding under such theory, but in pointing out the errors that were committed, even if the action be regarded as one in equity. We do not conceive that we are bound as by admission that this is an action in equity by treating it from that standpoint, for the purpose of showing the errors which the court committed against us, and we think that the respondent is bound by the position which he has taken.

If there was a tort, or the defendant wrongfully disposed of the property, as claimed by the plaintiff, the plaintiff might waive this and sue for an accounting. (*Child* v. *Hugg,* 41 Cal. 519; *Strong* v. *Adams,* 30 Vt. 221, 73 Am. Dec. 305; Lawson on Bailments, 110.) One who sues for sale money impliedly

affirms the sale. (*Nelson* v. *Carrington,* 4 Munf. (Va.) 332, 6 Am. Dec. 519.) If the property sold or disposed of was wrongfully disposed of, the plaintiff's action would be trover; if properly disposed of, his action is for an accounting. (*Stephens* v. *Hartley,* 2 Mont. 504.) This the plaintiff claims to have done in this action. The court and jury forced the defendant to defend the action on the theory that he was bound to account. So the defendant, being obliged to defend in that manner, presented an accounting against the claims of the plaintiff.

The plaintiff and the court have charged the defendant as trustee, and it is elementary that a trustee will only be held for actual receipts and profits. (27 Am. & Eng. Ency. of Law, p. 168; *Hoile* v. *Bailey,* 58 Wis. 434, 17 N. W. 322; *Rainsford* v. *Rainsford,* McMull. Eq. (S. C.) 16; *Farmers' etc. Bank* v. *Kimball Milling Co.,* 1 S. Dak. 388, 36 Am. St. Rep. 739, 47 N. W. 402.) The defendant is protected so long as he acted upon a *bona fide* belief that he had authority to act. (1 Am. & Eng. Ency. of Law, 2d ed., p. 1124.) But the plaintiff claims to have ratified his conduct, and the plaintiff is, therefore, bound. (*Bushnell* v. *McCauley,* 7 Cal. 421.)

*Mr. Lewis P. Forestell,* for Respondent.

Defendant was guilty of conversion. (*Reardon* v. *Patterson,* 19 Mont. 231, 234, 47 Pac. 966, and cases cited; Civ. Code, secs. 3906, 3909, 4333; Jones on Pledges, sec. 614; *Wheeler* v. *Newbould,* 16 N. Y. 392; *Goldsmith* v. *First Methodist Church,* 25 Minn. 202.) "An action to redeem the pledges is not the pledgor's only or usual remedy for the recovery of it after payment or tender. He may sue in trover for a conversion of it, and this is the more usual and better remedy when the pledgee either refuses to return it upon demand or has willfully disposed of it so as to put it out of his power to return it." (Jones on Pledges, sec. 561, citing: *Luckey* v. *Gannon,* 37 How. Pr. (N. Y.) 134, 1 Sweeney, 12; *Campbell* v. *Parker,* 9 Bosw. (N. Y.) 322; *Flower* v. *Sproule,* 2 A. K. Marsh. (Ky.) 54; *Niles* v. *Edwards,* 90 Cal. 10, 27 Pac. 159, 296; *Loughborough* v. *McNevin,* 74 Cal. 250, 5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773.)

Tender of debt and demand for property are unnecessary before bringing suit for conversion. (*Rosenzweig* v. *Fraser*, 82 Ind. 342; *Stearns* v. *Marsh*, 4 Denio, 227, 47 Am. Dec. 248; *Lewis* v. *Graham*, 4 Abb. Pr. 106; *Glidden* v. *Mechanics' Nat. Bank*, 53 Ohio St. 588, 42 N. E. 995, 43 L. R. A. 737, 751, 752; *Ogden* v. *Lathrop*, 31 N. Y. Super. Ct. (1 Sweeney) 643; *Cortelyou* v. *Lansing*, 2 Caines Cas. 200; *Smith* v. *Savin*, 69 Hun, 311, 23 N. Y. Supp. 568, 30 Abb. N. C. 192; *Stearns* v. *Marsh*, 4 Denio, 227, 47 Am. Dec. 248.)

Where pledged property is sold without notice, the pledgee will be liable for the full value of the property pledged. (*McLean* v. *Walker*, 10 Johns. 472; *Stearns* v. *Marsh*, 4 Denio, 227, 47 Am. Dec. 248.) And where goods have been converted but not sold, an action based upon the implied promise to pay the price or value of the goods may be maintained. · (Pomeroy's Remedies and Remedial Rights, 3d ed., sec. 569; *Galvin* v. *Mac. Mining etc. Co.*, 14 Mont. 508, 517, 518, 37 Pac. 366; *Tuttle* v. *Campbell*, 74 Mich. 652, 16 Am. St. Rep. 652, 42 N. W. 384.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that on August 31, 1898, the plaintiff delivered to the defendant certain personal property, comprising a teaming outfit of the value of $3,000, by way of pledge, to secure the sum of $1,275, then borrowed by the plaintiff from the defendant; that defendant accepted the property as such pledge and agreed to employ the same and apply the net earnings of it to the liquidation of such indebtedness, and to fully account to the plaintiff for such earnings; that the defendant in pursuance of such agreement did employ the outfit and received from such employment large sums of money, the exact amount of which is to the plaintiff unknown, for, although often requested so to do, the defendant has refused to render any account whatever; that on December 15, 1898, the defendant, disregarding his obligations as such pledgee, wrongfully sold and disposed of the property for the sum of

$2,500; and that before the commencement of this action the plaintiff demanded an accounting of all moneys derived from the sale of such property, as well as from the earnings of the same, which was refused. The prayer is for an accounting by the defendant for the earnings of the property while in his possession, as well as for the price received from the sale of the same.

The answer denies generally and specifically the allegations of the complaint, except that defendant received the property and employed the same, and that he sold it and refused to account for either the sale price or the proceeds of its employment. Defendant alleges that, while the property was in his possession, the cost of keeping the same was greater than its earnings. While there was nothing whatever in the answer to require a reply, a reply was, in fact, filed, which sets forth that, when the transaction of August 31, 1898, was had, the plaintiff did execute and deliver to the defendant a bill of sale for the property, absolute on its face, but that possession of the property was delivered to the defendant at the same time, and that the bill of sale was intended to be, and was in fact, only evidence of security for the indebtedness owing to the plaintiff by the defendant.

Only one issue was presented by the pleadings: Was the transaction of August 31, 1898, an absolute sale, or was it a pledge? If a sale, then there is no merit in the controversy; if a pledge, then defendant owed the duty of accounting to the plaintiff.

At the commencement of the trial the court, in answer to a suggestion of counsel, intimated that to the jury impaneled would be submitted a special interrogatory to determine whether the transaction between the parties was a sale or a pledge. To this statement from the court counsel for defendant excepted. The jury found that the transaction constituted a pledge, and thereupon the court adopted such finding and referred the cause to a referee to take the accounting. Upon such accounting the referee found that there was due to the plaintiff from the defendant a balance of $769.68. This report was adopted

by the court, with the exception that the court allowed the defendant $300 for his care of the property while in his possession, and entered judgment in favor of the plaintiff for $469.68, with interest. From this judgment, and from an order denying the defendant a new trial, he appealed.

Some contention is now made that the defendant was entitled to a jury trial of the case as a whole, if the action is one in conversion, and in this counsel is correct. But, notwithstanding counsel for respondent consumes his entire brief attempting to show that plaintiff's action was one in conversion and in attempting to justify the court's treatment of it, we will not reverse the trial court, if it proceeded upon a correct theory of the case, and according to that theory did not commit reversible error, even though counsel for respondent in this court takes a position which would necessitate a reversal, if adopted by us.

The complaint shows upon its face that after the sale of the property by the defendant, the plaintiff demanded an accounting, not only of the proceeds derived from the use of the property by the defendant, but for the sale price of the property as well, and brings this action to recover those sums. These acts upon his part constituted a waiver of the tort. (*Strong* v. *Adams,* 30 Vt. 221, 73 Am. Dec. 305.) It is elementary that one having a cause of action of this character may waive the tort and sue for an accounting. In fact, the Code specifically confers upon him this right. (Civ. Code, sec. 2979.)

The action is clearly one for an accounting, cognizable in a court of equity (1 Cyc. 427), and, being such, the defendant was not entitled to a jury trial. The court could with propriety call to its assistance a jury to determine the issue of facts raised by the pleadings, as it did in this instance, and the jury having found that the transaction of August 31, 1898, was a pledge, there remained nothing to determine but the amount, if any, due the plaintiff from the defendant from the sale of the property and its use while in the possession of the defendant, less the amount of the indebtedness owing from the plaintiff to the defendant, to be determined by an accounting, which the court

could have taken or which it could take by a referee, as was done in this case.

The principal complaint made here is that the defendant was charged with the full sale price of the property ($2,500), whereas counsel for the defendant contends that he can be charged only with the amount which he received from such sale. The record discloses that the sale was made on credit, without interest, that the defendant took a note for the price, which was secured, and that, when the sum of $2,050 had been paid, he surrendered up the note, and, as he says, took the purchaser's word for the balance. Without any excuse whatever for his apparent negligence in this respect, the defendant now insists that he should not be held to account for such balance. While the plaintiff will be held to have approved the sale by suing for an accounting, he cannot be held to have waived his right to insist upon an accounting for the full purchase price; otherwise, the defendant might have forgiven the purchaser one-half of the price, or any other portion, and have bound the plaintiff thereby. If the remaining $450 is not paid, the defendant has no one to blame but himself, and is not in a position to complain for his own wrongful act.

While it is a general rule that a trustee can be held responsible only for the amount which he receives (28 Am. & Eng. Ency. of Law, 1079), yet to that rule is this exception: That, whenever he has been guilty either of actual misconduct or unreasonable negligence in the performance of his duty, he becomes responsible to the person for whom the trust property is held, and is chargeable in equity with all damages caused to the estate by his breach of trust. (28 Am. & Eng. Ency. of Law, 1059.) As, for instance, he will be held liable for neglecting to take proper steps to collect from a purchaser the full purchase price of property sold. (28 Am. & Eng. Ency. of Law, 1069.)

However, in determining the amount due on the accounting, we think the court erred. It is conceded that while in the possession of the defendant the property earned $1,391.28, and this, together with the sale price of the property ($2,500), amounts to $3,891.28, with which the defendant is properly chargeable.

Expenses incurred by the defendant in caring for the property, to the amount of $1,714.48, are admitted. In addition to this, the court allowed the defendant $300 for his time and trouble in caring for the property, and $87.50 for the services of a bookkeeper to keep the accounts, and no complaint is made of this action of the court. Of course, the defendant was entitled to be credited with the amount of his loan to plaintiff, $1,275, and to receive interest thereon at the rate agreed upon, one per cent per month. But in computing this interest the court limited the time during which the interest should be allowed to the date of the sale, December, 1898, whereas defendant should have been allowed interest to the date at which he received payment for the property sufficient to discharge this indebtedness, which was February 14, 1900, for, as plaintiff is held to have approved the sale, he must be held to have approved it as made; that is, on time, without interest. The court only allowed the defendant $44.62 interest on the loan, whereas he should have been credited with interest amounting to $223.12, a difference of $178.50.

The order overruling the motion for a new trial is affirmed. The cause will be remanded to the district court, with direction to modify the judgment by decreasing the amount thereof by $178.50, and, when so modified, it will be affirmed. Each party will pay his respective costs in this court.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.