STEINER, APPELLANT, *v.* McMILLAN, RESPONDENT.

(No. 4,244.)

(Submitted January 6, 1921.  Decided January 24, 1921.)

[195 Pac. 836.]

*Equity—Accounting—Jury Trial—Findings—Implied Findings*
*—Evidence—Public Records.*

Accounting—Jury Trial—Refusal not Error.
1. An action in each of two counts of the complaint in which an accounting was asked to wind up the affairs of what was alleged to be either a copartnership or a co-ownership in the property in dispute was one of equitable cognizance in which neither party had an absolute right to trial by jury.

Evidence—Public Records—Definition.
2. To constitute a writing a public record, it must be a written memorial made by a public officer which he must be authorized by law to make.

Same—What are not Public Records.
3. Copies of letters and private memoranda of a public official which, though relating to public records, did not themselves constitute such, as defined in paragraph 2 above, were properly excluded from evidence.

Same—Public Records—Identification Necessary to Admissibility.
4. Before public records are admissible in evidence they must be properly identified as such.

Findings—Appeal and Error.
5. Findings of the district court will never be reversed except where the evidence preponderates against them.

Implied Findings—Appeal and Error.
6. In the absence of express findings, every finding necessary to support the judgment of the court will be implied on appeal.

*Appeals from District Court, Powell County, in the Third Judicial District; Thos. Lentz, a Judge of the Fourth District, Presiding.*

ACTION by Reuben Steiner against Peter McMillan.  From a judgment for defendant and an order overruling a motion for new trial, plaintiff appeals.  Affirmed.

*Mr. S. P. Wilson*, for Appellant, submitted a brief and argued the cause orally.

In all essential particulars plaintiff's action is to recover damages for the conversion by defendant of his interest in the sheep in question as the value of such interest is determined

upon the trial. The defendant has denied all the allegations of the complaint and denied plaintiff's ownership in the property. The question then to be determined in the action was the question of plaintiff's ownership; all other questions were purely incidental to the determination of this primary question. This established the character of the action as one for the jury. Plaintiff being entitled as a matter of right to a jury on the main issue, is not deprived of that right because other matters, equitable in character, are also set forth so that the complaint conforms to the truth as he knows the facts. (*Haggin* v. *Kelly*, 136 Cal. 481, 69 Pac. 140; *Clark* v. *Baker*, 6 Mont. 153, 163, 9 Pac. 911; *Hoosier Const. Co.* v. *National Bank of Commerce*, 35 Ind. App. 270, 73 N. E. 1006; *Nordeen* v. *Buck*, 79 Minn. 352, 82 N. W. 644; *Procter* v. *Tubb*, 166 Ky. 676, 179 S. W. 620.) "It may be conceded to be the rule, where a distinct legal issue is made in an equitable action, either party has the right to have such issue decided by a jury." (*Tinker* v. *Farmers' State Bank*, 178 Iowa, 972, 160 N. W. 349.) It is held that the question of the existence of a partnership is a question for the jury. (*Look* v. *Bailey* (Tex. Civ.), 164 S. W. 407, at 408; *Adamson* v. *Gwild*, 177 Mass. 331, 58 N. E. 1081; *Thornton* v. *Mersereau*, 168 Mo. App. 1, 151 S. W. 212, at 214; *Matthews* v. *Myers*, 64 Ind. App. 372, 115 N. E. 959; Elliot on Contracts, 4–A; Rowley on Modern Law of Partnership, 214; 30 Cyc. 476.) "When the question whether a partnership exists is a matter of doubt to be decided by inferences to be drawn from all the testimony, it is one of fact for the jury." *Mendonca* v. *Russell*, 50 Okl. 376, 150 Pac. 1061, is in all respects similar to the case at bar, the court saying: "The legal elements of a partnership is a question of law for the court, but whether a partnership exists between the parties is a question of fact for the jury." (30 Cyc. 476; *Cobb* v. *Martin*, 32 Okl. 588, 123 Pac. 422.)

Regardless of the question of partnership we submit that the allegations of plaintiff's complaint, and particularly the second cause of action of the complaint, show that plaintiff and de-

fendant were co-owners of the sheep in question. Whether their co-ownership was that of partners (sec. 4439, Rev. Codes), or tenants in common (sec. 4440), is immaterial. We urge that plaintiff's right of action exists under section 6499, Revised Codes, and that the right there given, under circumstances such as are disclosed in the complaint in this action, is a legal right under which plaintiff is entitled to a trial by jury.

The law does not contemplate and should not be construed that a litigant, by adhering in the allegations of his pleadings to what he strictly believes his testimony will show, should be penalized by thereby depriving himself of a substantial right, namely, the right of trial by jury. Hence we urge that although the exact amount of plaintiff's recovery is not specified in the complaint, but plaintiff shows in the complaint that such exact amount must be determined from the showing made by defendant and in the course of the trial, his action is still, in all essential particulars, the assertion of an ownership or interest in personal property and the wrongful conversion thereof and appropriation to his own use by the defendant, which character of action from time immemorial has entitled the litigant to a trial by jury. (*Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145; *Sullivan* v. *Sherry,* 111 Wis. 476, 87 Am. St. Rep. 890, 87 N. W. 471; *Fletcher* v. *Neudeck,* 30 Minn. 125, 14 N. W. 513; *Morgan* v. *Hudnell,* 52 Ohio St. 552, 49 Am. St. Rep. 741, 27 L. R. A. 862, 40 N. E. 716; *Williams* v. *Rogers,* 110 Mich. 418, 68 N. W. 240.)

The court committed error in refusing to admit in evidence certain exhibits. These instruments collectively and singly constitute a record of the forest department of the federal government, kept by the officer in charge in the performance of his duty. Even though the record consisted of copies of letters, such copies were the original public record and were fully identified, and should have been admitted. (Rev. Codes, sec. 7924, subd. 6, secs. 7925–7932; Wigmore on Evidence, secs. 1633, 1639, 1647, 1659; *City of Oakland* v. *Wheeler,* 34 Cal. App. 442, 168 Pac. 23; *State* v. *McDonald,* 55 Or. 419, 103

Pac. 512, 104 Pac. 967, 106 Pac. 444; *Anderson* v. *Hilker*, 38 Wash. 632, 80 Pac. 848; *People* v. *Williams*, 64 Cal. 87, 27 Pac. 939.);

*Mr. W. E. Keeley*, for Respondent, submitted a brief and argued the cause orally.

The lower court did not err in denying a jury. When Article III, section 23, of the state Constitution provides, that "the right of trial by jury shall be secured to all, and remain inviolate," it refers to the right as it existed under the common law, and not to suits in equity. (*Consolidated Gold & S. Min. Co.* v. *Struthers*, 41 Mont. 565, 111 Pac. 152; *Cassidy* v. *Sullivan*, 64 Cal. 266, 28 Pac. 234.) It is not necessary to call a jury in an equity case in order to correctly determine the issues and dispose of the case. If called, the jury sits in an advisory capacity only, and the chancellor is at liberty to disregard its findings and conclusions and make findings and conclusions of his own. He is responsible for the decree or judgment. (*Power* v. *Lenoir*, 22 Mont. 169, 56 Pac. 106; *Beck* v. *Beck*, 6 Mont. 318, 12 Pac. 694; *Leggat* v. *Leggat*, 13 Mont. 190, 33 Pac 5; *Bordeaux* v. *Bordeaux*, 43 Mont. 102, 115 Pac. 25.) So that, if the judge believes that he will not accept the advice of a jury, but will be governed entirely by his own judgment, it is an idle act for him to call a jury. And the law does not at any time require the doing of an idle act. In an equity suit, neither party is entitled to a jury trial as a matter of right. (*Missoula Trust & Sav. Bank* v. *Iman & Son*, 50 Mont. 355, 146 Pac. 941; *O'Malley* v. *O'Malley*, 46 Mont. 549, 556, Ann. Cas. 1914B, 662, 129 Pac. 501; *Ferris* v. *McNally*, 45 Mont. 20, 32, 121 Pac. 889; *Fabian* v. *Collins*, 3 Mont. 215.)

One is not entitled, as a matter of right, to a trial by jury in an action for accounting. (*Demars* v. *Hudon*, 33 Mont. 170, 82 Pac. 952.)

Appellant contends that the court erred in excluding his offer of certain exhibits, and cites certain statutes which, as we view it, are inapplicable here. He also cites four cases

where public records have been held admissible. The first of these cases deals with an original coast chart; the second with foreign statutes; the third with United States weather bureau reports, and the fourth with census records. There is no doubt as to these being public records. These public records, however, are entirely different from an office file of copies of letters sought to be introduced here. Appellant also cites section 1633 and other sections of Wigmore on Evidence, but fails to cite section 1634, which negatives his contention here.

No certificate is attached to any or all of these so-called copies as provided by sections 7898 to 7932, inclusive. Appellant cites as his authority for the introduction of these exhibits as public records section 7924, subdivision 6, Revised Codes. If these exhibits were competent as public records, they would be admissible under subdivision 9 of said section and not under subdivision 6. Appellant's contention is, that they are public records because being records of the Forestry Service, a department of the United States government. There was never offered a certificate of the legal custodian of these instruments, and they were inadmissible on that ground.

Where letters offered in evidence are not shown to have been signed by their purported authors or identified as genuine, they are inadmissible for any purpose. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; see, also, *Stephens* v. *Nacey,* 49 Mont. 230, 141 Pac. 649.)

In order to obtain a reversal of this case, the appellant must assume the burden of showing that, under no view of the facts disclosed, will they support the judgment. (*Robitaille* v. *Boulet,* 53 Mont. 66, 161 Pac. 163; *Parchen* v. *Chessman,* 53 Mont. 430, 164 Pac. 531; *In re Riley's Estate,* 54 Mont. 17, 165 Pac. 1105; *Roberts* v. *Oechsli,* 54 Mont. 589, 172 Pac. 1037.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

The complaint in this case consists of two counts. The first count alleges that about the month of March, 1916, plaintiff

and defendant entered into a copartnership for the purpose of carrying on the business of handling sheep and other livestock in Powell county, Montana, and that in fulfillment of such partnership agreement they purchased together about 1,100 head of sheep which they jointly fed, owned, ranged and kept; that on or about June 1, 1916, defendant gave notice of the termination of the copartnership, and thereupon appropriated to his own use all of said sheep, excluded plaintiff from any participation in the management, conduct or control thereof, and denied that plaintiff had any interest whatever therein. The plaintiff prays for dissolution of the partnership, that an accounting be had, and that upon such accounting the obligations of the firm be paid and the net assets distributed equally between said copartners. The second count is substantially the same as the first, except that, instead of alleging a copartnership, it alleges a co-ownership, but the prayer for relief is similar. The answer denies all allegations of the complaint and sets up an affirmative defense in the nature of accord and satisfaction. Judgment was entered in favor of defendant. Plaintiff appeals from the judgment and from order overruling motion for new trial.

Prior to trial plaintiff demanded that the case be submitted [1] to a jury, upon the theory that the second count sets forth a cause of action in conversion upon which either party is entitled to a trial by jury. An examination of the complaint, however, fails to show that either cause of action is in conversion. Each count is framed upon the theory that there was either a copartnership or a co-ownership in the property in question; that defendant, in his handling of such property, had incurred expenses which were unknown to plaintiff, but which should be ascertained by the court and credited to defendant; that the obligations of the firm or co-owners should be paid; and that the court should determine from all of such facts the respective rights of the parties in the net assets and decree that such net assets should be equally distributed between them. Each count presents a cause of action in account-

ing—clearly an equitable case. (*Demars* v. *Hudon,* 33 Mont. 170, 82 Pac. 952.) It has uniformly been held in this state that in equity cases neither party has an absolute right to a trial by jury, and therefore it was not error for the trial court to refuse plaintiff's demand for jury trial.

Error is assigned upon the rulings of the court in refusing [2, 3] to admit in evidence certain documents consisting of papers from the office file of the forestry office at Anaconda. These papers consist of copies of certain letters written by the forest supervisor, some of which were addressed to Steiner and McMillan, and some to other parties in the forestry service; a memorandum made by the district ranger in connection with the application of Steiner and McMillan for grazing permit; and a copy of a certain notice from the office to Steiner and McMillan. No foundation was laid for the admission of these copies as secondary evidence, but all the exhibits were offered in evidence as public records, and it is now the contention of appellant that all of said papers should have been received in evidence on that theory.

To constitute a public record, it must be a written memorial made by a public officer, which he must be authorized by law to make. (34 Cyc. 586.) None of these papers come within this definition. They were not memorials, nor were they authorized or required to be kept by law. They were merely incidental to the administration of the affairs of the office. They were in the nature of correspondence and private memoranda of a public official, which, while they may relate to public records, do not in themselves constitute public records. The grazing permit above referred to was never issued, and therefore it never became a public record. These exhibits not being public records, the court did not err in excluding them. [4] The court was right in its ruling for the further reason that, even though the exhibits were public records, they were not identified as required by statute, to entitle them to be admitted in evidence. If they were public records at all, they were records of a department of the United States government

and could be admissible only under the provisions of Revised Codes, section 7924, subdivision 9.

It is urged by appellant that the evidence decidedly preponderated on the side of plaintiff, and that this court should find as a matter of fact that plaintiff was co-owner of the sheep in question. This court has held in a number of cases [5] that the findings of the district court will never be reversed except where the evidence clearly preponderates against them. (*Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009; *Heilman* v. *Loughrin,* 57 Mont. 380, 188 Pac. 370.) In this case no formal findings were made, nor was there any request [6] for findings. In the absence of express findings, every finding necessary to support the judgment of the court will be implied. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.) The evidence shows a decided conflict upon the issue as to the alleged co-ownership of the sheep, and this court is unable to say that the decree is against the preponderance of the evidence. Under these circumstances there can be no justification for overruling the conclusions of the trial court as evidenced by its decree.

The judgment and order are affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.