## KYBURG v. PERKINS.

The book of accounts kept in the office of an alcalde is admissible in evidence, as a register of the acts of that officer, belonging to the office.

To entitle a book to the character of an official register, it is not necessary that it be required by an express statute to be kept, nor that the nature of the office should render the book indispensable. It is sufficient that it is directed by the proper officer to be kept.

APPEAL from the District Court of the Twelfth Judicial District.

This was an action of ejectment to recover possession of a lot in San Francisco, known as fifty vara lot No. 251. The plaintiff claimed title under an alleged alcalde grant to plaintiff.

The defendant claimed title under an alcalde grant for the same lot, to J. S. Ruckle, and mesne conveyances from Ruckle to defendant. On the trial the defendant introduced in evidence the book of accounts of the alcalde, for the purpose of proving that the grant to plaintiff had never been called for or issued, although prepared. Defendant proved, by George Hyde, a former alcalde, that the book was the register of accounts between the sindico, or collector and the alcalde, and contained an entry of the fees paid on every grant; that it belonged in the alcalde's office, the entries being made by the municipal clerk, and that each alcalde transmitted it to his successor. The plaintiff objected to the introduction of this book. The Court overruled the objection, and the book was admitted in evidence, under plaintiff's exception.

The jury found a verdict for defendant. Motion for a new trial made and overruled, and judgment entered on the verdict. Plaintiff appealed.

*Pringle and Felton* for Appellant.

The error alleged in this case is the admission, by the judge, of the book of accounts from the alcalde's office to go to the jury as evidence that the grant to the plaintiff remained in the office on the several days, when it appears among the accounts.

I. The book was not of official authority as a public register of such deeds. It was not ordered to be kept by any law or official command. It was not kept under the sanction of any official oath, nor was it even (as in the case of the Books of the Fleet. in Salte *v.* Thomas, 3 B. & P., p. 188,) the record of acts which the officer was bound to do in the course of his official duty.

Nor was this book kept by the alcalde for his own information and reference, as was suggested in the case of Henry *v.* Leigh, 3 Camp., 499, because it was clearly insufficient for that purpose, and the accounts were made up only when he was going out of office. This case of Henry *v.* Leigh, 3 Camp., 499, is completely analogous to the case at bar, except that it is much stronger; it contains the additional element that the memoranda there kept was resorted to by the public as evidence of the facts contained in them—which this book never was, and never could have been.

Now, certainly some one of the above requisites should be found in the case of a book claimed to be a solemn public record, furnishing proof of the facts recited in it; for we remember that when these public books are admitted, they stand as the best evidence of the facts recited in them. 1 Greenleaf, § 493. Hence we must hesitate before giving the character of primary evidence to a book so informal, uncertain, incomplete and unsatisfactory as this.

II. But this book was kept for a purpose other than that of recording these embryo deeds, and therefore it is not admissible as proof of such deeds, either as a public record or a private memorandum. It was a mere book of money accounts. Even admitting the clerk to be the proper person to keep the memoranda, he was not concerned with the names, numbers or contents of these grants. The invariable rule has been that when such books or entries are admitted, they shall only be used as evidence of those acts of the officer which it is the purpose and object of the book to record. This was a book of accounts, not a register of undelivered grants. The leading case upon this point is Chambers *v.* Bernasconi, 1 Tyrwhit, 342; 5 ib., 531. See, also, Salte *v.* Thomas, 3 B. & P., 188; Clark *v.* Trinity Church, 5 Watts & S., 266.

*C. Burbank* for Respondent. No brief on file.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

There was no error in admitting in evidence the book of accounts kept in the office of the alcalde. It was a register of acts done by the officer, kept by his direction, and was handed over by each alcalde to his successor as belonging to the office.

To entitle a book to the character of an official register, it is not necessary that it be required by an express statute to be kept, nor that the nature of the office should render the book indispensable; it is sufficient that it be directed by the proper authority to be kept.   1 Green. Ev., § 496.

Judgment affirmed.