[No. 11467.    Department Two. — September 21, 1886.]

IN THE MATTER OF E. L. COLNON, APPELLANT, v. N. M. ORR, TREASURER OF THE INSANE ASYLUM, ETC., RESPONDENT.

PUBLIC RECORD — CHARGE AGAINST OFFICIAL — RIGHT OF CITIZEN TO INSPECTION. — A written charge made to a board of supervisors, a board of directors or trustees of a college or other state institution, upon being filed in the office of the custodian of their records, does not necessarily become a public record to which any citizen may have access at pleasure.

ID. — MANDAMUS TO COMPEL INSPECTION — BENEFICIAL INTEREST. — A writ of mandate will not lie, under section 1086 of the Code of Civil Procedure, to compel the custodian of a public record to allow it to be inspected by a citizen of the state, unless the applicant has a beneficial interest in its examination.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*Louttit, Woods & Levinsky*, for Appellant.

*F. T. Baldwin, J. C. Campbell*, and *P. W. Bennett*, for Respondent.

FOOTE, C.—E. L. Colnon preferred his petition, and made affidavit thereto, to the Superior Court of San Joaquin County, for a writ of mandate to compel de-

fendant to allow him to inspect a document which, it is alleged, is a part of the records of the defendant's public office as treasurer and secretary of the Stockton Insane Asylum.

A demurrer was interposed, stating as grounds therefor that upon the face of his petition it does not appear that Colnon was "beneficially interested in the matters set forth therein, or that the party making the application was the person beneficially interested therein."

From the statement of facts in the petition, it appears that the document sought to be inspected was a writing filed by one Miss L. M. Jones with the board of directors of the Stockton Insane Asylum, in which the character and conduct of one W. T. Browne, the medical superintendent of the asylum, was assailed.

It is not every written charge made to a board of supervisors, a board of directors, or trustees of a college or other state institution, which, upon being filed in the office of their secretary or treasurer, or custodian of their records, becomes thereby a public record to which any citizen may have access at pleasure.

To declare such to be the law would be to say that any communication aspersing the character of a public officer, being received by the board of directors, to which he is amenable, and filed with the custodian of their records, would thereby become a public record, and be open to the idle curiosity of any and all persons.

In this way the most honorable of men might be attacked, and each individual of the whole public be permitted to inspect the document containing such attack without having the slightest beneficial interest in the matter, and actuated by no other motive than to repeat what might or might not be a slander all over a community.

Such a paper, in the absence of a positive statute making it a part of the public records, and as such to be examined by all persons whatsoever at their pleasure,

within the office hours of the officer to whose charge it
has been confided by a board of directors of a public in-
stitution, should not be declared a part of the public
records.

While it is a right of a citizen of this state to inspect
the public records at such times as the statute provides,
nevertheless a writ of mandate to enforce that right can-
not always be invoked.

It must be issued upon affidavit, on the application of
the party *beneficially interested*, in all cases where there is
not a plain, speedy, and adequate remedy given by law,
and not otherwise.   (Code Civ. Proc., sec. 1086.)

What beneficial interest in the examination of this
document, even conceding that it was a part of the pub-
lic records, Mr. Colnon can have, simply for the reason
that he *is a citizen of California,* we cannot perceive from
the record, nor has he sought to allege any such interest
in his petition: and therefore he has not brought him-
self within the purview of the law, which grants to citi-
zens, in certain cases, this special writ.

The demurrer to the petition was properly sustained,
and the judgment should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is affirmed.

Hearing in Bank denied.