[S. F. No. 294. Department One.—October 15, 1896.]

RICHARD I. WHELAN, SHERIFF, ETC., PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

EXECUTION — INSTRUCTION TO SHERIFF—ORDER GRANTING INSPECTION TO DEFENDANT—JURISDICTION — ANNULMENT UPON CERTIORARI.—The instructions by the attorney of an execution creditor to the sheriff, regarding the enforcement of the execution, are in the nature of the private directions from a principal to his agent, and are not included in the "public records and other matters in the office" of the sheriff, which are required to be "open to the inspection of any citizen," under section 1032 of the Political Code, nor are they "public writings," within the meaning of sections 1888, 1892, and 1899 of the Code of Civil Procedure; and an order of the superior court directing the sheriff to grant the execution debtor an inspection of such instructions, is not within its jurisdiction, and will be annulled upon *certiorari.*

CERTIORARI from the Supreme Court to review and annul an order of the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* for Petitioner.

The instructions of the plaintiff given to the petitioner were not public records or other matters in the office of the sheriff, and the petitioner was not entitled to inspect them. (Code Civ. Proc., secs. 1888, 1889, 1892; 4 Am. & Eng. Ency. of Law, 553, 554; note *Colnon* v. *Orr,* 71 Cal. 43.) Instructions from a party to the sheriff in respect to the execution of process are simply to discharge the sheriff from liability to the plaintiff, or person giving them, and do not concern the defendant in any manner. (Pol. Code, sec. 4185.) They are simply the instructions from a principal to his agent. (*Acker* v. *Ledyard,* 8 Barb. 514; *Mickles* v. *Hart,* 1 Denio, 548; Smith on Sheriffs, Coroners, and Constables, 308; Murfee on Sheriffs, secs. 111, 968, 969; *McKinley* v. *Tucker,* 6 Lans. 214; *Sheldon* v. *Payne,* 7 N. Y. 453; *Walters* v. *Sykes,* 22 Wend. 567; *Root* v. *Wagner,* 30 N. Y. 17; 86 Am. Dec. 348; *Smith* v. *Erwin,* 77 N. Y. 466.)

*Osgood Putnam,* for Respondent.

HARRISON, J.—An execution in the action of *Dupuy*
v. *Riley* was placed in the hands of the petitioner, as
sheriff of the city and county of San Francisco, and cer-
tain written instructions in reference thereto were given
him by the attorney for the execution creditor. The
attorney for the execution debtor made a demand upon
the sheriff that he be allowed to inspect these instruc-
tions, and, having been refused, obtained an order from
the superior court directing the petitioner, as such
sheriff, to grant him an inspection thereof. The peti-
tioner now seeks a review of this order, and that the
same be annulled, on the ground that it was not within
the jurisdiction of the court.

It is contended on behalf of the respondents that the
court had authority to make the order by virtue of the
following provision of section 1032 of the Political Code:
" The public records and other matters in the office of
any officer are, at all times during office hours, open to
the inspection of any citizen of this state."

The instructions given by the attorney to the sheriff,
for the enforcement of a writ of execution which he de-
livers to the sheriff, are in the nature of the private
directions from a principal to his agent. The sheriff is
an officer of the court for the purpose of executing its
process, but in the manner of its execution he is the
agent of the party who places the process in his hands,
and, subject to the provisions of the statutes, is under
his direction as to the mode in which it is to be exe-
cuted. These directions may be oral or in writing, and
are only the private directions from the attorney to that
officer for his guidance in the execution of the writ.
They may be accepted and acted upon by the sheriff, if
given only orally, with the same effect as if they were
in writing, and will be equally binding upon the party
who has given them.

Section 102 of the County Government Act (Stats,
1893, p. 373) provides that "no direction or authority

by a party or his attorney to a sheriff in respect to the execution of process or return thereof, or to any act or omission relating thereto, is available to discharge or excuse the sheriff from a liability for neglect or misconduct, unless it is contained in a writing and signed by the attorney of the party, or by the party if he has no attorney." This provision, however, is for the protection of the sheriff, and may be demanded or waived by him. If, when charged with neglect or omission in the execution of the writ, he would excuse or discharge himself therefrom by reason of having acted under the direction of the party, he must show that such direction was given in writing, but the instruction thus given is still the private direction of the attorney. It does not, by reason of being in writing, become a "public record," or any other public matter, in the office of the sheriff. The "other matters" referred to in section 1032, which a citizen is entitled to inspect, is matter which is "public," and in which the whole public may have an interest. Neither is such written instruction a public writing within the meaning of section 1892 of the Code of Civil Procedure. These "public writings" are defined in section 1888 of the Code of Civil Procedure, and, by section 1894, are divided into four classes, none of which includes the instruction of an attorney to a sheriff for the execution of process. Section 1889 of the Code of Civil Procedure declares that all other writings are private.

The order is annulled.

GAROUTTE, J., and VAN FLEET, J., concurred.