[S. F. No. 9694. In Bank.—December 9, 1921.]

COLBERT COLDWELL, Petitioner and Appellant, v. BOARD OF PUBLIC WORKS, etc., et al., Defendants and Appellants.

**[1]** PUBLIC RECORDS—PRELIMINARY ESTIMATES AND DETAILS OF MUNICIPAL WATER SUPPLY SYSTEM—HETCH HETCHY PROJECT OF SAN FRANCISCO — CHARACTER OF DOCUMENTS AND DATA BEFORE APPROVAL BY CITY ENGINEER.—The preliminary estimates, plans, drawings, maps, and other data prepared by the assistants and

---

1. Right to inspect public records relating to public contracts, notes, 27 L. R. A. 82; 41 L. R. A. (N. S.) 280.

subordinates of the city engineer of the city and county of San Francisco for submission to him for his approval in connection with the acquisition and construction of the municipal water supply system, known as the ·Hetch Hetchy project, of which project the engineer is in charge as an officer of the board of public works, are not, before official approval, "public records in the office of an officer" open to inspection by any citizen of the state, within the meaning of sections 1888, 1892, 1893, and 1894 of the Code of Civil Procedure, section 1032 of the Political Code, and section 6 of chapter 1 of article VI and section 13 of article XVI of the charter of the city and county of San Francisco.

[2] ID.—RIGHT OF INSPECTION AS "OTHER MATTERS" IN OFFICE OF PUBLIC OFFICER—CONSTRUCTION OF SECTION 1032, POLITICAL CODE. The preliminary estimates and details prepared by the assistants and subordinates of the city engineer of the city and county of San Francisco for submission to him for his approval in connection with the Hetch Hetchy project are, before approval, of such character as constitutes them "other matters" within the meaning of section 1032 of the Political Code, which provides that the public records and other matters in the office of any officer are at all times, during office hours, open to the inspection of any citizen of the state.

[3] ID.—CONFIDENTIAL CHARACTER IMMATERIAL.—The right of a citizen under section 1032 of the Political Code to inspect preliminary estimates and details in. connection with the acquisition and construction of a municipal water supply system as "other matters in the office of any officer" is not affected by the fact that the engineer had communicated them to the city attorney as confidential matter in pending and anticipated litigation affecting the project.

[4] ID.—INSPECTION BY CERTAIN CITIZENS — WAIVER OF PRIVILEGED CHARACTER.—Where preliminary estimates and details in connection with the acquisition and construction of a municipal water supply project were permitted by the city engineer to be inspected by some citizens, the right of other citizens to inspect cannot be refused on the ground that the matter was of a confidential character.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion to vacate the judgment and amend the conclusions of law. George E. Crothers, Judge. Judgment modified and affirmed.

The facts are stated in the opinion of the court.

Robert Gaylord for Petitioner and Appellant.

George Lull and Robert M. Searls for Defendants and Appellants.

LAWLOR, J.—This is an appeal by both petitioner, Colbert Coldwell, and defendants, the board of public works of the city and county of San Francisco, the individual members thereof, and M. M. O'Shaughnessy, the city engineer, from a judgment granting, with certain exceptions, a petition to the superior court of the city and county of San Francisco for a writ of mandate to compel the defendants to allow petitioner to view and take copies of certain documents and data in the office of the city engineer of the city and county of San Francisco, and by the petitioner from an order of the court denying petitioner's motion to vacate and set aside the judgment entered and to amend the conclusions of law contained in the court's findings. As the same questions are involved in both appeals, they may be considered together.

The petition alleged that the city and county of San Francisco was engaged in the acquisition and construction of a municipal water supply with engineering works at Hetch Hetchy, in the state of California; that in connection with the Hetch Hetchy project the board of public works and M. M. O'Shaughnessy as city engineer had done a large amount of work; that the board of public works had in its possession a large number of plans, specifications, reports, contracts, estimates, certificates, receipts, surveys, field-notes, maps, plats, profiles, and other papers relating to the Hetch Hetchy project, which included records of certain specified structures, drill borings, and a proposed section of the dam; that petitioner, a citizen of the city and county of San Francisco, desired to inform himself and others with regard to the work; that he desired to investigate the records of the Hetch Hetchy project, including both those generally described and those specifically described; that he had made demand on the defendants that he be given access to and inspection of the records mentioned, which demand had been refused; and petitioner prayed that defendants be ordered to allow petitioner to inspect all the records mentioned, with

the privilege of taking notes, copies, and other data therefrom.

In their answer, the defendants alleged that "there are in the office of the City Engineer, a large number of incompleted and unapproved, maps, plans, estimates, studies, reports, and memoranda relating more or less directly to the Hetch Hetchy project, some of which have been prepared or are in the course of preparation by the City Engineer's assistants, some of which have been left there by employees of previous administrations, but none of which have been finally approved by the City Engineer or filed with the Board of Public Works or made a part of any public or official transaction. As to the last described maps, plans, estimates, studies, reports and memoranda, defendants allege that the City Engineer has not had the opportunity of passing on such data either in the way of approval or disapproval; that as at present constituted, said data is of the kind and type which may be modified, corrected or destroyed at the will of the City Engineer or the assistant in charge of the same; that they have not been made the basis of and are not records of any public or official acts or transactions; that they are not public records, public books, public writings, public documents or public matters; that the interests of the public and the Hetch Hetchy project require that said data be kept and withheld from inspection by the petitioner or his agents"; and denied that "until the City Engineer completes, approves, and files said data or other matter with the Board of Public Works, that the same passes into the possession, custody, or control of the Board of Public Works, or becomes a part of any public record whatever. Defendants deny that they, or either or any of them have ever refused or still refuse to petitioner or his representatives or agents access to that portion of the hereinabove described data which is a matter of public record, and allege that all such data or matter which constitutes part of the public records of the City and County of San Francisco has at all times been, and is still open to said petitioner."

Then followed certain allegations that it was necessary to keep private the information concerning the work on the Hetch Hetchy project until the plans for it had been approved, and impugning the motives of petitioner in seeking

187 Cal.—33

the information he wanted, and that "part of the data in the City Engineer's office to which access is sought by petitioner consist of confidential reports, estimates and data collected and compiled by assistants and other engineers employed for that purpose, and held for use in pending litigation and investigations affecting the Hetch Hetchy project; that it would be extremely detrimental to the interests of said project and the interests of the people and citizens of the City and County of San Francisco if such data should be given publicity"; and that in refusing inspection of the data asked by petitioner, defendant city engineer was acting under authority and instruction from the board of supervisors of the city and county of San Francisco.

The court found that all the allegations of the petition were true, except those of paragraph X, which concerned the making of a demand for inspection by petitioner, his agents and representatives. In that connection the court found in detail that petitioner had demanded of defendants that he, his agents and representatives, be given access to and inspection of all the records mentioned, with the privilege of taking copies, notes, and data therefrom, but that the defendants had refused such demand, except that petitioner had been accorded the right to inspect the detailed specifications of the tunnel aqueduct between Early Intake and Moccasin Creek, including the record of certain drill borings and the city engineer's estimate thereon, and other records which defendants admitted constituted public records. It was also found that the purpose of the petitioner was not to mislead or prejudice the public mind against the Hetch Hetchy project, and that it 'was not the petitioner's motive to find in the records to which access was sought a basis for unfair or sinister criticism of the Hetch Hetchy project; that there were data consisting of confidential reports, estimates, and data prepared for use in pending litigation, which it would be detrimental to the interests of the people of the city and county of San Francisco to disclose prior to the time at which it would become necessary to use such data in connection with the litigation; that the city engineer had permitted all of the records and other matters mentioned in the petition to be examined by an investigating committee from the Civil League of Improvement Clubs, and that they had been examined by such committee; that the

board of supervisors had instructed the city engineer to refuse inspection to petitioner, as alleged in the answer.

The conclusions of law were to the effect that petitioner was entitled to a writ of mandate as prayed, "except that such writ shall not decree to said petitioner the right to inspect or take copies, notes or data from any of the confidential reports, estimates or data, collected or compiled by assistants or other engineers employed for that purpose for the use of the City Attorney of the City and County of San Francisco, or other attorney at law acting for said City and County, in advising the defendants in respect to their official rights and action or for use by said attorneys or either of them in legal proceedings . . . to which proceedings the defendants or any of them in their official capacity, or the City and County of San Francisco are or may be parties litigant; except further from said writ any advice given in reference to such privileged data by the City Attorney or other attorney in the course of his professional employment as attorney for said City and County of San Francisco, or for said defendants in their official capacities."

Defendants state: "We may summarize the description of this data by saying that it consists of maps, plans, estimates and studies in the possession and control of the City Engineer and his assistants upon which no official judgment or action had been taken at the date of the petition. It was and is defendants' contention that a public record is not made every time a public employee puts his pencil on paper; that it must be a record of some official act and not merely a tentative study or design concerning which no official action has been taken either in the way of approval or rejection"; that "The data to which access is sought is not required by law to be kept, has not been approved by the City Engineer, has not been filed with the Board of Public Works, has not been made a part or basis of any public transaction. For the most part it consists of preliminary maps lacking detailed drawings and working plans necessary to make it available for use even if officially approved and filed. The line of demarcation between public records and documents and data or memoranda in the course of preparation must, of course, be drawn somewhere,"

and that "The tentative conclusion of an assistant may or may not be correct, and until the city engineer finally passes upon it, it does not become a record of the opinion of his office."

Petitioner's contention is that "The fundamental issue on this appeal is not the right of these petitioners to inspect the Hetch Hetchy records. The question is whether the citizens of San Francisco, in their capacity as citizens and distinguished from their corporate entity, have a right to see these records, whether they have a right to go behind the conclusions of the City Engineer and whether they have the right to see the work for which their money was paid"; that "We believe that any document prepared in a public office within the scope of the duties of that office, for the purpose of conducting public business and the expense of which is borne by the municipality, belongs to the municipality; that it is a matter of public interest and that the citizens of the municipality by virtue of their citizenship are entitled to inspect that document and draw from it such conclusions as they choose. We submit that it is immaterial whether one branch of a particular department has transmitted the document to another or not, and that it is immaterial whether in the course of days or months or years, the head of the subordinate department has, or has not, seen fit to stamp it with his mental approval. It makes no difference whether it is a correct or erroneous document; it is a document which belongs to the public, and if it belongs to the public, the citizens have the right to inspect it," and that "The real rule, however, is that a document prepared by a public official or his subordinate in the course of duty and at public expense, is a public document and every citizen has the right to inspect it."

Section 1888 of the Code of Civil Procedure is as follows: "Public writings are: 1. The written acts or records of acts of the sovereign authority, of official bodies and tribunals, and of public officers, legislative, judicial, and executive. . . . 2. Public records, kept in this state, of private writings." Section 1892 provides that "Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute," and section 1893 that "Every public officer having the

custody of a public writing, which a citizen has a right to inspect, is bound to give him, on demand, a certified copy of it, on payment of the legal fees therefor." Section 1894 provides in part that "Public writings are divided into four classes: . . . 3. Other official documents; 4. Public records, kept in this state, of private writings." Section 1032 of the Political Code provides that "The public records and other matters in the office of any officer, are at all times, during office hours, open to the inspection of any citizen of this state."

Section 6 of chapter 1 of article VI of the charter of the city and county of San Francisco is as follows: "The Board [of public works] shall keep and preserve a record of all its proceedings, and copies of all plans, specifications, reports, contracts, estimates, certificates, receipts, surveys, field notes, maps, plats, profiles, and of all papers pertaining to the transactions of the Board." Section 13 of article XVI provides that "All books and records of every office and department shall be open to the inspection of any citizen at any time during business hours, . . . but the records of the Police Department shall not be subject to such inspection except permission be given by the Police Commissioner or by the Chief of Police."

On appeal the defendants waived the objection they made in the court below on the score of petitioner's motives, so even if the motives of a citizen have any place in the consideration of such a question, the point is eliminated here.

Although there is no express finding that all the documents to which access is sought are public records or "other matters" which the public is entitled to inspect, such a finding is to be implied from the conclusion of law that petitioner is entitled to inspect all of them, with the exception of those which were prepared for the use of the city attorney in litigation. An examination of the authorities shows that there is no single test which can be applied to determine what are and what are not "public records." In *Barrickman* v. *Lyman*, 155 Ky. 710, [160 S. W. 267], the distinction was held to rest on whether or not the documents were required by law to be kept; in the case of *Kyburg* v. *Perkins*, 6 Cal. 674, cited by petitioner, it was said that "To entitle a book to the character of an official register it is not necessary that it be required by an express

statute to be kept"; and, as pointed out, petitioner insists that all documents, prepared by public officials at public expense, are public documents. In *Mushet* v. *Department of Public Service of the City of Los Angeles,* 35 Cal. App. 630, [170 Pac. 653], petitioner, a taxpayer, brought an action to compel the defendant department of public service to allow him to inspect certain books of account, records, papers, and documents connected with an electric heat, light, and power system which the city was operating. The inspection was allowed over the objection of defendants that the documents were not public records. In that case it was said: "The appellants, it is true, are by the charter of Los Angeles made officers of the municipality; but the books and papers which respondent seeks to examine are not made official documents merely because they are kept under the direction of city officials. Their character is fixed by the considerations which we have already advanced." The considerations advanced to determine whether or not the documents were public records were as follows: "Returning to the language of sections 1894 and 1888 of the code, it is plain that the books and papers mentioned in the petition are not described in either subdivisions 1, 2, or 4 of section 1894, or subdivision 2 of section 1888. If the sections cover them at all they must fall within the language of the one remaining subdivision of each; in other words, consolidating the language of those subdivisions, they must answer this description: They must be 'official documents' other than laws or judicial records, and must be the 'written acts or records of the acts . . . of official bodies' or 'tribunals' or 'of public officers . . . of this state.' " In that case it was held that the documents were public records, although the city in operating the electric system was engaging in a private enterprise as a proprietor. It appears from that case that the only means of deciding whether or not a document is a public writing is by determining whether or not it falls within the statutory definition.

In *Egan* v. *Board of Water Supply of the City of New York,* 205 N. Y. 147, [Ann. Cas. 1913E, 56, 41 L. R. A. (N. S.) 280, 98 N. E. 467], petitioner asked for and was allowed inspection of certain correspondence which would tend to show why the board had failed to grant a con-

tract to the lowest bidder. The court said in part: "It may not be denied that there are papers concerning governmental matters which are properly treated as secret and confidential, such, for example, as diplomatic correspondence and letters and dispatches in the detective police service."

In the case at bar the record shows that the city engineer, as an officer of the board of public works, is in charge of the Hetch Hetchy project, and that he is assisted by a large number of assistants and subordinates. These assistants prepare data connected with the project, which consist of estimates, plans, drawings, maps, or the like. These data are all submitted to the city engineer for his approval, unless a subordinate is formally appointed to take charge of a particular subject, in which case the subordinate's approval of the work is final. When an estimate of the plan is completed, which is considered acceptable, it is approved by the city engineer, and usually is at once forwarded to the board of public works. Defendants concede that after such approval the documents are public records. Until finally approved by the city engineer, with the exception noted, all the data are but tentative, and are liable to change, and much matter is destroyed when refused approval. It is this preliminary matter which defendants, as stated above, contend should not be submitted to public inspection. Defendants do not contend that surveys and maps, complete in themselves, of the territory which the project will affect are not open to public inspection. The data referred to here, consisting of preliminary estimates, plans, and the like, are computations based on such surveys.

[1] We are of the opinion that the preliminary estimates and details which form these incompleted data are not of such a character as would constitute them public records. Until they receive some official approval the documents cannot be considered the act or the record of an act of the city engineer or of the board of public works. They cannot be considered the official acts of the city engineer because they are compiled in his office, for he testified that "I don't allow anything to go out of my office except it has my final, definite approval." They have not attained the character and dignity of completed acts or documents of any kind until approved. Until a satisfactory plan or estimate is achieved, the documents are but preliminaries

to what will ultimately be an act of the city engineer. When a satisfactory plan is adopted, the tentative ones are discarded unless, as testified by the city engineer, they relate to the plan which is finally adopted, in which case they are included in the files with the accepted plan. Therefore, these preliminary matters are not ''public records in the office of an officer,'' within the meaning of the sections of the codes and the charter.

[2] We are of the opinion, however, that these documents and data are of such a character as constitutes them ''other matters'' within the meaning of section 1032 of the Political Code. In *Whelan* v. *Superior Court*, 114 Cal. 548, [46 Pac. 468], petitioner sought to be allowed to inspect certain instructions given to a sheriff by an execution creditor. In refusing the inspection, the court said: ''It does not by reason of being in writing, become a 'public record,' or any other public matter, in the office of the sheriff. The 'other matters' referred to in section 1032 [of the Political Code] which a citizen is entitled to inspect, is a matter which is 'public' and in which the whole public may have an interest.'' The word ''public'' is defined in both the Standard and Webster's dictionaries as ''of, pertaining to, or affecting, the people at large or the community.'' That the Hetch Hetchy project is a public matter, in which the public has an interest, cannot be doubted. It follows that the public has an interest in the plans and designs which are adopted for the completion of the project. The preliminary specifications and estimates are all steps in the process of forming an acceptable plan for carrying out the work. Although many of them are never completed, and many are destroyed, they all represent work which is being done in the course of completing the project. Not only is the work being done in the course of completing a public project, but it is being done by public officers and employees at public expense. That these plans are tentative and are liable to error or alteration cannot change their character, for, while they may not represent the final result of the work of the city engineer's office, they are important details of that work. As such they are matters which affect the public, and in which the public has an interest, if that interest is only to see that the city engineer is taking steps toward the completion of

the Hetch Hetchy project. It must be held that the implied finding of the trial court that they are of such character was justified. It is, therefore, unnecessary to consider whether these documents are such as the board of public works is required to keep.

[3] As already stated, there was a finding to the effect that "There exists data in said City Engineer's office consisting of confidential reports, estimates, and data collected and compiled by assistants and other engineers employed for that purpose and held therein for use by the attorneys for said City and County of San Francisco in pending litigation and anticipated litigation affecting the Hetch Hetchy project," and that "defendant M. M. O'Shaughnessy, as City Engineer of said City and County of San Francisco, has permitted all of the records and other matters to which access is sought by the petitioner in this proceeding to be examined by an investigating committee appointed by the Civic League of Improvement Clubs of said City and County of San Francisco, and that the same have been examined by such committee." In support of that portion of the judgment which exempts from petitioner's right of inspection all these data, we are referred to subdivision 2 of section 1881 of the Code of Civil Procedure, which provides that "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him or his advice given thereon in the course of his professional employment," and to subdivision 5, to the effect that "A public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure." The first of these provisions applies to the examination of an attorney as to communications made *to* him by his client. The right of the city attorney to refuse to testify, if he were examined concerning the documents under consideration here, is not involved. If the documents are public records or "other matters" which the public has a right to inspect, the fact that the city engineer had communicated them to the city attorney cannot prevent a citizen from inspecting them.

[4] In *Title Ins. & Trust Co.* v. *California Development Co.,* 171 Cal. 173, 220, [152 Pac. 452], it was said: "It is argued that the court erred in admitting in evidence certain letters written by and to officials and employees of the

Southern Pacific Company. While some of these communications were originally privileged, there was evidence justifying the court in concluding, in each case, that the privilege had been waived by voluntarily giving the letter into the hands of third persons.'' The record in the case at bar shows that the city engineer testified: ''Q. You would have been willing to have any committee of the Civic League of Improvement Clubs go through all this data? A. I would, and they did. Q. And they did? A. And they did. Q. How long did it take them to go through it? A. They took part of one day and pretty nearly the whole of another. Q. Examined it quite exhaustively? A. Examined it quite exhaustively.'' This testimony sustains the finding that the city engineer has permitted this matter to be inspected. Since it has been opened to inspection it cannot be claimed it is any longer confidential, as was held in *Title Ins. & Trust Co.* v. *California Development Co., supra,* and the finding to that effect is erroneous.

Inasmuch as the data are not privileged merely because communicated to the city attorney, and have lost their confidential character because already made public, it follows that that portion of the judgment excepting such matter from that which petitioner is entitled to inspect cannot be upheld.

The judgment must be modified to omit from the writ the exception of all confidential reports, estimates, or data collected or compiled by assistants or other engineers for the use of the city attorney or other attorneys representing the city and county of San Francisco in legal proceedings, and, as so modified, the judgment is affirmed.

In view of the foregoing conclusions, it becomes unnecessary to consider the contentions of petitioner relating to his appeal from the order denying his motion to vacate the judgment and amend the conclusions of law.

The judgment is affirmed as above modified.

Shaw, C. J., Lennon, J., Wilbur, J., Sloane, J., Shurtleff, J., and Waste, J., concurred.