[Civ. No. 10519.   First Appellate District, Division One.—April 28, 1938.]

FRED F. RUNYON, Appellant, v. BOARD OF PRISON TERMS AND PAROLES OF THE STATE OF CALIFORNIA et al., Respondents.

Vernon M. Brydolf for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondents.

KNIGHT, J.—Respondents' demurrer to appellant's petition for a writ of mandate was sustained without leave to amend, and from the judgment of dismissal entered pursuant to the order made in that behalf this appeal has been taken.

The *mandamus* proceeding initiated by the filing of said petition involved the question of whether letters and other communications and documents which are sent voluntarily by various individuals to the state board of prison terms and paroles in connection with the hearing and determination of applications for parol of prisoners in the state prisons, but which are not required by law to be sent to said board, nor to be filed as official records in the office thereof, are open to the inspection of any citizen of the state under the provisions of section 1032 of the Political Code. The trial court held they are not, and it is our conclusion that its ruling should be sustained.

The opening sentence of said code section, which is the source of appellant's claim of right of access to the letters and documents in question, provides: "The public records and other matters in the office of any officer, are at all times, during office hours, open to inspection of any citizen of this state"; and although it has been held that the use therein of the words "other matters" operates to extend, in a certain class of cases, the right of access to documents which are not required by law to be filed as public records, but which relate to matters essential to the general welfare of taxpayers, such for example as matters of taxation, revenue, and the proceedings for the carrying out of governmental projects at public expense (*Coldwell* v. *Board of Public Works*, 187 Cal. 510 [202 Pac. 879] ; 23 R. C. L., pp. 160, 161), the courts have consistently declared that in another class of cases public policy demands that certain communications and documents shall be treated as confidential and therefore are not open to indiscriminate inspection, notwithstanding that they are in the custody of a public officer or board and are of a public nature. (23 R. C. L., pp. 160–163.) Included in this class are documents and records kept on file in public institutions, concerning the condition, care and treatment of the inmates thereof, and the

files in the offices of those charged with the execution of the laws relating to the apprehension, prosecution and punishment of criminals. (23 R. C. L., p. 161.) And it would seem quite clear that the letters and documents here sought to be inspected fall within the class last mentioned because it is a matter of common knowledge that in order to impartially and intelligently discharge the functions of the state board of prison terms and paroles it is essential to secure all possible information bearing upon applicants for parole; and necessarily much of the information thus obtained can be had only upon the understanding that the persons furnishing the same will be protected and that the information imparted will be treated as confidential.

As pointed out by respondents, the provisions of sections 1192a and 1168 of the Penal Code, relating to the fixing of sentences and the parole of prisoners, require certain official documents to be filed by and with the state board of prison terms and paroles, and respondents concede that such documents are doubtless open to public inspection. But those are not the documents appellant seeks to examine. He demands the right to inspect the "numerous letters and documents" in the possession of said board which the law does not require to be submitted or filed, and which in many instances are volunteered.

Moreover, we are of the opinion that the trial court was justified in holding that the facts alleged in the petition were legally insufficient to establish such a beneficial interest on the part of the petitioner as would entitle him to the issuance of the writ. (Sec. 1086, Code Civ. Proc.; *Colnon* v. *Orr,* 71 Cal. 43 [11 Pac. 814]; *Gay* v. *Torrance,* 145 Cal. 144 [78 Pac. 540]; *Spotton* v. *Superior Court,* 177 Cal. 719 [171 Pac. 801].)

The judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.