STATE ex rel. THE BECKLEY NEWSPAPERS CORPORATION v. VAN HUNTER, *Clerk, etc.*

(No. 9726)

Submitted April 24, 1945. Decided June 12, 1945.

*Charles G. Peters* and *Herbert Stansbury,* for petitioner. *Clay S. Crouse, W. A. Thornhill, Jr., and Scherer, Bowers & File,* for respondent.

LOVINS, PRESIDENT:

The Beckley Newspapers Corporation by this original

proceeding seeks a writ of mandamus to compel Van Hunter, Clerk of the Circuit and Criminal Courts of Raleigh County, to permit examination of the chancery praecipe book, the law praecipe book, indictments, orders entered by the Circuit and Criminal Courts of Raleigh County, all pleas, bills of complaint, declarations in actions at law, affidavits and jury lists on file in his office, and the fee book now in his custody. No effort is made to compel respondent to permit examination of papers and records, access to which is limited by statute.

Relator is the owner and publisher of two daily newspapers, The Raleigh Register and The Beckley Post-Herald, which are the only newspapers published in Raleigh County, and have general circulation in Raleigh and adjoining counties.

Respondent is the Clerk of the Circuit and Criminal Courts of Raleigh County, and as such official is custodian of the records of said courts and papers filed with him pertaining to litigation therein.

Relator alleges that respondent has placed a latch on a gate in the passageway which leads to his office; that he has ordered relator's employees to stay out of his office; that he has informed news reporters employed by relator that he, the respondent, will show them only such records as he thinks proper for them to see; that he has refused to allow representatives of relator to examine the chancery praecipe book, and has placed such book under lock and key; and that he has denied employees of relator the right to inspect other records in his office, except by his express permission. It is further alleged that all the records and papers above mentioned have been open for inspection by relator's employees for many years; that respondent denies such employees access to his office and refuses to give them an opportunity to examine and inspect the books, records and files therein; and that such action on the part of respondent has injured and hindered relator in its business of publishing its newspapers.

Respondent admits that he has refused to allow inspection of the chancery praecipe book in so far as memoranda

written in said book relate to suits for divorce. He denies all other allegations of relator's petition, and alleges that he endeavors to conduct his office efficiently so that litigation in the courts of which he is clerk may be commenced, heard and determined with convenience and dispatch. Respondent avers that certain employees of relator have refused to use the space in his office reserved for the public, and that such employees have entered into that part of his office where he, his deputies and stenographer work, and have interfered with the work being done in his office by "picking up court reports, original orders, bills of complaint and other court papers, carrying them from desk to desk, thumbing through original record books", and by examining papers on the stenographer's desk. It is alleged that on one occasion one of relator's employees was seen searching the drawers of a desk used by an employee of respondent, and that relator's employee upon being chided took the position that she was entitled to have access to respondent's office inasmuch as it was a public office. Respondent avers that relator's employee was informed that any record she desired to examine would be exhibited to her on request. Respondent also alleges that relator's employees in nine instances have been unreasonable and exacting in demands made on other officials of Raleigh County and the City of Beckley for access to meetings and examination of records. However, we do not consider the allegations as to instances occurring in other public offices as having any bearing on the issues involved in this proceeding.

By agreement of the parties depositions were taken in support of the allegations in the petition of relator and answer of respondent. There is no evidence to indicate that the gate installed in the passageway into respondent's office impedes the entry therein of any person. It can be unlatched from either side of the gate. As we appraise the evidence, we do not find that respondent has ordered any of the employees of relator to stay out of his office. It is established by proof that respondent has at all times been ready and willing to show relator's employees any

record which they desired to examine and inspect. However, he has refused to permit employees of relator to examine the memoranda in the chancery praecipe book relating to the issuance of process commencing suits for divorce. Respondent explains this refusal as follows: Frequently counsel instituting suits for divorce have requested that the institution of such suits be withheld from publication. Respondent has requested employees of relator to comply with the request of counsel, but they have refused to do so, and have published as news items the institution of divorce suits. He testified that he has been embarrassed by such conduct on the part of relator's employees, and has been criticized by counsel for not preventing such publication. Respondent also testified, and he is fully corroborated by other witnesses, that frequently memoranda are written in the praecipe book directing him to issue process in divorce suits which, under the statute, he cannot issue until the bill is filed and a deposit made for costs, and that if no bill is filed or deposit made for costs no suit is commenced. In other instances parties to divorce suits become reconciled and a dismissal results without trial. In either of these events the publication of such memoranda causes needless embarrassment to the parties and their relatives.

The proof establishes that respondent has placed the chancery praecipe book under lock and key, but that he has allowed inspection of memoranda therein directing the issuance of process in chancery suits.

Mandamus does not lie to compel the inspection of records, unless it is shown that the right to make such inspection has been denied. *Gleaves* v. *Terry,* 93 Va. 491, 25 S. E. 552. Nor will mandamus issue to compel the performance of a duty which respondent has already discharged. *Improvement Co.* v. *Morris,* 106 W. Va. 243, 145 S. E. 387. All of the allegations of relator's petition, except that relating to the chancery praecipe book, utterly fail for lack of proof. Respondent has not denied access to and inspection of the records and papers of the courts of which he is clerk, and has fully discharged his duty in regard

thereto, unless the chancery praecipe book is a record or paper of the Circuit Court of Raleigh County.

Relator predicates its right to inspection upon Code, 51-4-2, which reads as follows: "The records and papers of every court shall be open to the inspection of any person, and the clerk shall, when required, furnish copies thereof, except in cases where it is otherwise specially provided." The foregoing statute has been a part of the statute law of this jurisdiction without change since the admission of this State to the Union. It was considered and applied in the case of *State ex rel. Clark* v. *Long*, 37 W. Va. 266, 16 S. E. 578. It was also considered and applied in the case of *Payne* v. *Staunton*, 55 W. Va. 202, 46 S. E. 927. The right of a citizen to inspect public records was also considered in *Hall* v. *Staunton*, 55 W. Va. 684, 47 S. E. 265. We do not think that any question of the right of examination of public records is here involved. As hereinbefore stated, no paper or record is withheld from inspection, except that part of the book containing memoranda relative to the commencement of divorce suits.

A public record has been defined as "a written memorial made by a public officer authorized by law to perform that function, and intended to serve as evidence of something written, said, or done." Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 3, page 2843. The foregoing definition is quoted with approval in the case of *Coleman* v. *Commonwealth*, 25 Gratt. 865. The officer making such record must have authority to do so, but that authority does not necessarily rest on express legislative enactment. "Whenever a written record of the transactions of a public officer in his office, is a convenient and appropriate mode of discharging the duties of his office, it is not only his right but his duty to keep that memorial, whether expressly required so to do or not; and when kept it becomes a public document * * *." *Coleman* v. *Commonwealth, supra; Robison* v. *Fishback*, 175 Ind. 132, 93 N. E. 666. In order to attain the status of a public record the writing must be made by an officer duly authorized and empowered to act in the premises,

or under the supervision of such officer. *Lumber* Co. v. *Nutter,* 66 W. Va. 444, 449, 66 S. E. 646. Although it is shown that the book in which the memoranda are made directing the clerk to issue process in suits was purchased by public funds and bears a serial number similar to other record books in the office of respondent, and that said book is in his custody, we do not consider that such memorandum book is a record or paper within the purview of Code, 51-4-2. We find no statute requiring that such book be kept.

Process commencing a suit "* * * shall be issued on the order of the plaintiff, his atttorney or agent, * * *". Code, 56-3-4. There is no statute prescribing that the order for the issuance of process commencing a suit shall be written or oral. We know of no principle of common law requiring that a written memorial of an order for issuance of process be made or preserved. It may be convenient for a clerk of a court of record to request and preserve written orders for the issuance of such process, but we cannot say, as a matter of law, that such action is required as a part of his duties. The order may be oral, made in the form of a letter addressed to the clerk, or made by memorandum, and when written or copied in a book becomes a note or minute for the convenience of the clerk to whom directed.

The only issue here presented is the right of relator's employees to inspect a specific book in respondent's office, and we therefore express no opinion concerning the freedom of the press; or the necessary interest of relator in public records to support its right to inspect the same. Relator has not shown a violation of its right nor failure of respondent to perform his duty with respect thereto.

The writ of mandamus prayed for is denied.

*Writ denied.*