Birdie Amsterdam, J.
Petitioners make application for an order, pursuant to article- 78 of the Civil Practice Act, directing respondents to produce for inspection, the desk audit proceedings and analysis of petitioners’ jobs with the City of New York.
Each of the petitioners are employees in the legal service of the New York City Rent and Rehabilitation Administration. When the City of New York took over the regulation of residential rents within the city, it also- acquired those employees who had been serving as State employees of the State Rent Commission. Upon such acquisition, it became necessary to classify these employees into titles and positions compatible to the New York City Career and Salary Plan.
Admittedly, position classification is conducted and accomplished in the following manner: Each employee completes a position classification questionnaire which details the nature and type of work performed and contains the employee’s duties and responsibilities. This completed questionnaire is then reviewed by his supervisor or other superior who may or may not add any comments with respect thereto. Thereafter the classifying authority sends a field representative to personally interview the employee and to complete a desk audit report, which is a more precise questionnaire encompassing the entire *339 job picture. The answers given by the employee are transcribed and while no additions or deletions are made, the field representative, nevertheless, may and, in fact, does in some cases make some handwritten notes, memoranda and computations. Respondents, while admitting to this procedure although without explaining what notes or memoranda are or may be made by the field representative, state that no comments or recommendations are made by the field representative in regard to the position in question. Nowhere however, is there any explanation by respondents concerning the apparent inconsistency between the notations, comments, memoranda, and the preclusion from making comments in regard to the position in question. All of the afore-mentioned information gathered by respondents is then compared with a predetermined job title description and a title is then assigned to the position in question.
Petitioners are dissatisfied with the titles ascribed to them and are appealing to the Career and Salary Classification Appeals Board. Petitioners contend that in order to properly prepare their appeals it is necessary to inspect and examine the complete return of the desk audit proceedings to which the respondents have refused them access. Respondents argue that petitioners are entitled to inspection of all of the public records concerning the job classification but not any notes, memoranda and computations made in the course of the desk audit proceedings. Respondents urge that what petitioners are seeking are not records required or necessary to be kept by the authorities under any statute, rule, regulation or other authority. Moreover, respondents assert that these notes are not used by anyone to review the findings but are made and used only by the classifiers for their use and their own convenience and are often destroyed shortly after they serve their purpose. Again, the two last sentences are somewhat inconsistent and not explained by respondents. They seem to urge upon this court that notes, memoranda and comments are made but are absolutely meaningless, of no importance and are in no way used in arriving at a classification of an individual employee. If this is the fact, the query arises as to why such notes are needed at all. Since they are made, and form part of the file and inquiry, it seems reasonable to this court that the comments and notes, etc. may very well have been used in some cases as a guide or supplement in arriving at a job classification. The question presented herein is whether it constitutes part of the public record which the parties agree is legally available to petitioners. Both petitioners and respondents rely on the same authority to support their *340 respective contentions, to wit: (People ex rel. Stenstrom v. Harnett, 131 Misc. 75, affd. 224 App. Div. 127, affd. 249 N. Y. 606). As I view that case, in light of the facts submitted herein, I am of the considered opinion that the petitioners are rightfully entitled to an inspection and examination of the entire record as sought by this application. They have a sufficient interest in the complete record, all of which I find to be public in nature, entitling them to inspection thereof, in order to properly prepare their appeal. I am not persuaded that inspection would be detrimental to public interest. Accordingly respondents’ refusal to so allow is arbitrary, capricious and contrary to law. The application is granted.