HENRY LINDER et al., appellants, v. GLENN V. ECKARD et al., appellees.

No. 52662.

(Reported in 152 N.W.2d 833)

SEPTEMBER 19, 1967.
REHEARING DENIED OCTOBER 19, 1967.

Nolan, Lucas & Nolan, of Iowa City, for appellants.

William L. Meardon, of Iowa City, for appellees.

LeGrand, J.—Appellants are residents of, and own property in, Iowa City, Iowa. Sometime in 1966 the City Council of Iowa City had under consideration a plan for urban renewal. In connection therewith the council directed that certain property, including that of appellants, be appraised. Written reports of these appraisals were made, and these reports are now in the custody of appellees, who are respectively City Clerk and Director of Urban Renewal for said city.

Appellants requested certified copies of these reports under the provisions of section 622.46 of the Code. Their request was refused, and this action was started to compel appellees to produce copies of the reports for appellants.

Appellants claim they are entitled to such information by virtue of section 622.46 of the Code, which provides as follows:

"622.46 Every officer having the custody of a public record or writing shall furnish any person, upon demand and payment of the legal fees therefor, a certified copy thereof."

The issue before us is a very narrow one. We need only determine if the appraisals in question, under the circumstances existing here, are public records or writings. If they are, then appellants are entitled to copies of them as a matter of right. We consider the case and reach our conclusion on that issue alone.

The trial court sustained a motion to dismiss plaintiffs' petition, finding that the appraisals were not public records or writings within the contemplation of the statute. We agree, and we affirm that ruling.

Section 622.46 does not define a public record or writing. We must look to the common law and to the decided cases to determine what is included within that term. This court has never passed on the question, and therefore resort must be had to decisions from other jurisdictions.

There is no single definition of "public record" which is applicable in all situations and under all circumstances. Perhaps the one most generally used refers to a public record as one required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law, or directed by law to serve as a memorial and evidence of something written,

said or done. 45 Am. Jur. 420, Records and Recording Laws, section 2. A similar, although somewhat more inclusive definition, is found in 76 C.J.S. 112, Records, section 1. The concept of public records has now generally been extended to embrace not only what is *required* to be kept but also what is *convenient* and *appropriate* to be preserved as evidence of public action. State ex rel. Beckley Newspapers Corporation v. Hunter, 127 W. Va. 738, 34 S.E.2d 468, 470; Mathews v. Pyle, 75 Ariz. 76, 251 P.2d 893, 895; Conover v. Board of Education, 1 Utah 2d 375, 267 P.2d 768, 770.

Not every document which comes into the possession or custody of a public official is a public record. It is the nature and purpose of the document, not the place where it is kept, which determines its status. Coldwell v. Board of Public Works, 187 Cal. 510, 202 P. 879, 883; Sorley v. Lister, 33 Misc.2d 471, 218 N.Y.S.2d 215; Steiner v. McMillan, 59 Mont. 30, 195 P. 836, 837; People ex rel. Stenstrom v. Hartnett, 131 Misc. 75, 226 N.Y.S. 338, 341, 164 N.E. 602; State ex rel. Romsa v. Grace, 43 Wyo. 454, 5 P.2d 301, 303; Tagliabue v. North Bergen Township, 9 N.J. 32, 86 A.2d 773, 775; 76 C.J.S. 112, Records, section 1.

What, then, about the written appraisals which are the subject of this controversy? They were not prepared by a public officer nor by anyone under his control. Although made at the request of the city council, they are merely opinions of value which have no binding effect upon either the city or the property owners. They have not been acted on in anyway at this time. No plan for urban renewal has been adopted. No eminent domain proceedings have been instituted.

In this connection it might be said parenthetically that appellants in their petition express concern over preparing to defend against condemnation proceedings and over the importance of the appraisals in helping them decide questions about relocating. But under the record here there are no eminent domain proceedings to defend against and there is presently no necessity to relocate. Appellants' anxiety at this time seems unjustified and premature.

We find that the appraisals are but preliminary matters

of investigation to assist the city in deciding whether to adopt an urban renewal plan. Obviously such a determination is ordinarily made only after inquiry and investigation concerning its feasibility. This necessarily results in the accumulation of much tentative and experimental data assembled to assist in the ultimate decision. Until acted upon, material of this kind does not assume the status of public record or writing. This has been the usual holding in other courts.

Coldwell v. Board of Public Works, Steiner v. McMillan, Sorley v. Lister and People ex rel. Stenstrom v. Hartnett, all supra, all hold, under varying facts, that material gathered by way of preliminary investigation does not become a public record before some official action of approval or disapproval. These decisions are persuasive under the circumstances existing here. In this connection see Tingling v. Lang, 39 Misc.2d 338, 240 N.Y.S.2d 633.

Appellants cite the Coldwell case, supra, as authority for their position, but it is not. Disclosure there was denied on the claim that the information sought was a public record; it was allowed on other grounds.

It must be conceded that the decisions on this question are not unanimous. Perhaps the most vigorous opinion in support of appellants' contention is found in MacEwan v. Holm, 226 Ore. 27, 359 P.2d 413, 85 A.L.R.2d 1086. In that case a divided court held that virtually all data gathered by a public agency in the course of carrying on its duties, regardless of its tentative or preliminary character, should be available for public inspection upon proper request under a statute similar to ours.

We are not inclined to go that far. We prefer the narrower and more prevalent view that a public record or writing is one which an officer is required by law to keep or which is intended to serve as a memorial and evidence of something written, said, or done by the officer or public agency. These appraisals serve no such purpose.

Appellants place considerable stress upon the well-known and universally accepted principles that the people have a right to know and that secrecy is to be avoided in the conduct of public business. We agree with these pronouncements. But

this does not require, nor does our statute do so, the disclosure of *all* records, writings or reports which are in the files of a public office at anytime to any citizen demanding such information. Such a result would impose an intolerable burden on the public officer. Such an officer must be ever ready to defend his decisions and justify his judgment, but the rule for which appellants contend would be an unreasonable and harmful interference with the day-to-day conduct of public business just when such officer should, and must, be allowed some discretion in making those decisions and in exercising that judgment.

Under the particular circumstances existing here, we find that the appraisals in question are not public records or writings and that appellants are not entitled to certified copies of them under section 622.46. The ruling of the trial court was right.—Affirmed.

GARFIELD, C. J., and SNELL, MOORE, STUART, MASON and RAWLINGS, JJ., concur.

LARSON, J., takes no part.

BECKER, J., dissents.

BECKER, J.—I would follow the reasoning of MacEwan v. Holm, 226 Ore. 27, 359 P.2d 413, 85 A.L.R.2d 1086, which the majority rejects. I also feel that Coldwell v. Board of Public Works, 187 Cal. 510, 202 P. 879, supports plaintiffs' position both in reasoning and result (though concerned with a broader statute). Other cases on the subject might be cited but would unduly extend this dissent.

No principle is growing in importance so fast as the principle that the people have a right to free access to government information. There may be competing principles which will override that right. But these must be clearly present and of paramount importance. The explosion of knowledge, the techniques of amassing both facts and opinions (expert and otherwise), the expense involved in gathering the information, the disparity in financial resources between the government and the individual members of the public, all point to the continually increasing need for freedom of access to knowledge.

The issue is not the beneficence of the urban renewal concept. It is the right of individual citizens to have the basic information upon which they can make an informed citizens' judgment and, if they desire, an informed citizens' opposition, to a specific project if and when proposed. It involves not only the right to information but the right to meaningful dissent. Fear of dissent is not a legitimate reason for withholding public information.

This case comes to us on motion to dismiss. We should reverse and remand. When the petition is reinstated defendants will still have the right to plead and prove ultimate facts giving rise to countervailing considerations of such weight as to justify nonaccess. If they can do that the information should be denied. If they cannot, the writ of mandamus should issue in recognition of a right essential to our form of government.