REQUESTED BY: Eugene T. Mahoney, Director, Game and Parks Commission, Lincoln, Nebraska.
May the Game and Parks Commission sell lists of names of hunting and fishing permit holders to private organizations requesting this information?
No, but the commission may provide access to this information in the manner provided by law.
Each year the commission issues thousands of hunting and fishing permits. Copies of these permits, which contain general information such as the holder's name, address and physical description, are retained by the commission. You state that you have received several requests from various organizations for lists containing the names and addresses of the holders of fishing and hunting permits. We understand that this information would be used by these organizations for advertising and promotional purposes.
First of all, we must emphasize that we do not address the issue of the desirability or advisability as a policy matter of the practice which is the subject of this request. We address only the question of the commission's legal authority to engage in this activity.
It is well established that an administrative agency has no power or authority other than that specifically conferred upon it by statute or by an interpretation necessary to accomplish the purpose of the statute. Slosburg v. Cityof Omaha, 183 Neb. 839, 165 N.W.2d 90 (1969). We are unable to locate any specific grant of authority which would clearly permit the commission to engage in such an activity.
Section 81-805, R.S.Supp., 1976, delegates a broad range of powers to the commission both in general and specific terms. One provision states:
 ". . . The commission shall publish such informational material as it deems necessary and may, at its discretion, charge appropriate fees therefor. . . ."
It could be argued that the names and addresses of hunters and fishermen would generally qualify as information material under section 81-805. However, a more logical interpretation would be to define informational materials as literature, such as the Nebraskaland Magazine and the various pamphlets and maps the commission publishes to inform the public on recreational facilities and opportunities, and to enlighten the public with facts concerning Nebraska flora and fauna and the commission's management techniques. This type of information is provided for the general public benefit and is available only to those who wish to obtain it.
On the other hand, lists of permit holders and their addresses are the type of information which would be used almost exclusively by organizations interested in the promotion or advertisement of their own products or points of view. This could inconvenience those permit holders who may not be interested in having their names and addresses made available in this manner. The selling of this type of information to private organizations is not a proper function for a department of state government in the absence of a specific delegation of authority. Surely, if the Legislature had intended that the commission engage in this activity, it could have stated more explicitly its purpose. Thus, the lists would not appear to be the type of informational material contemplated by the above cited portion of section 81-805.
The issuing of permits is a function imposed upon the commission by law. Section 37-201, et seq., R.R.S. 1943. As noted above, copies of the issued permits are retained by the commission each year. The permit copies and the information contained thereon may nevertheless be accessible to these organizations if these documents qualify as `public records.' Neither the Legislature nor the Nebraska Supreme Court has given us an applicable definition of the term `public record.' The generally accepted definition is that a public record is one which is required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done. It is also generally held that this definition includes what is convenient and appropriate to be preserved, as well as what is required to be kept. Linder v. Eckard, 261 Ia. 216, 152 N.W.2d 833
(1967); see generally, 66 Am.Jur.2d, Records and Recording Laws, § 1. It is clear that it would be necessary to keep accurate records, including copies of permits issued, in order to effectively discharge the commission's statutory duties in issuing hunting and fishing permits. Thus, these permit copies would appear to qualify as public records. Section 84-712, R.R.S., 1943, provides:
 "Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, are hereby fully empowered and authorized to examine the same, and to make memoranda and abstracts therefrom, all free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business."
This information, then, is available for anyone to examine if free of charge at the commission headquarters where these records are kept. In addition, section 25-1280, R.R.S. 1943, also provides:
 "Every state, county or political subdivision officer having the custody of a public record or writing is bound to give any person on demand a certified copy thereof on payment of the legal fees therefor. Where fees are not otherwise expressly provided by statute, the fee shall be fifteen cents per hundred words if the copy is a typewritten copy, and the cost of the mechanically reproduced copy when the copy is made by photographic or offset process. In addition thereto a fee of fifty cents shall be charged for the certificate of the officer."
This statute would allow the commission to provide copies of individual permits for a reproduction fee.
We conclude that lists of information obtained from copies of hunting and fishing permits issued by the commission may not be sold to private organizations but these organizations may examine the permit copies free of charge at commission headquarters, or obtain copies of the same for the statutorily prescribed fee.